## AVIS RENT A CAR SYSTEM, INC. *v.* LIBERTY MUTUAL INSURANCE COMPANY
### (13052)

PETERS, C. J., SHEA, CALLAHAN, BORDEN and STOUGHTON, Js.

Argued March 31—decision released June 2, 1987

*Thomas R. Newman,* pro hac vice, with whom were *Wesley W. Horton, Ann Bickford,* pro hac vice, and, on the brief, *William G. Ballaine,* pro hac vice, and *Alexandra Davis,* for the appellant (plaintiff).

*Richard H. Bakalor,* pro hac vice, with whom were *Nancy S. Rosenbaum* and, on the brief, *Robert M. Brennan,* for the appellee (defendant).

SHEA, J. The plaintiff, Avis Rent A Car System, Inc. (Avis), brought this action for a declaratory judgment

and damages against its insurer, the defendant Liberty Mutual Insurance Company (Liberty), in the federal district court for the Eastern District of New York. Avis sought indemnification from Liberty for the portion of a judgment against it representing statutory treble damages that had been assessed pursuant to General Statutes §§ 14-154a and 14-295 because of an accident caused by the grossly wrongful operation of an Avis car by its lessee. Liberty had refused to pay the treble damages portion of the judgment rendered against Avis as lessor of the car involved in the accident. In accordance with General Statutes § 51-199a and Practice Book § 4171, this court has accepted for determination the following question certified by the federal district court and arising out of the suit pending in that court: "Whether the terms of an insurance contract which requires the insurer to 'pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of Coverage A. bodily injury or Coverage B. property damage' extend coverage for treble damages which the insured is legally required to pay."[1] We conclude that the insurance contract does afford coverage for the statutory damages assessed in this case.

The present action in the federal district court is a sequel to the decision of this court in *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 280, 283, 472 A.2d 306 (1984), which upheld the judgment of the trial court that awarded an additional $706,524 in damages

---

[1] The certification order also included a second question:

"If the answer to the first question is yes, whether the public policy of the State of Connecticut prohibits indemnification of treble damages which a non-negligent party is required to pay because of that party's statutory liability under Connecticut General Statute[s] § 14-154a."

This court declined to accept the second question because the response to the first question necessarily involves the same public policy considerations in relation to the construction of the insurance policy and sufficiently disposes of the coverage issue.

against Avis, thus trebling the compensatory damages of $353,262 awarded by the jury.[2] This court construed General Statutes § 14-154a[3] to impose upon Avis, as lessor of the car involved in the accident, the same liability for treble damages that General Statutes § 14-295[4] imposed on the lessee, who, while driving in an intoxicated condition, had caused a head-on collision with a car driven by the victim that resulted in her death. Id., 284–85.

There is no dispute about the facts relevant to our determination, which have been stipulated to by the parties. Avis has paid to the plaintiff in *Gionfriddo* the statutory treble damages portion of the judgment against it, for which Liberty had disclaimed insurance coverage about six months after the *Gionfriddo* suit

[2] The jury also awarded exemplary damages of $124,977. Although Liberty initially denied coverage for exemplary damages, as well as the damages claimed under General Statutes § 14-295, it changed its position before trial by acknowledging coverage for exemplary damages. It has continued to deny coverage for the statutory treble damages.

[3] "[General Statutes] Sec. 14-154a. LIABILITY OF OWNER FOR DAMAGE CAUSED BY RENTED OR LEASED CAR. Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."

[4] At the time of the accident, January 4, 1979, General Statutes § 14-295 provided: "Each person who, by neglecting to conform to any provision of sections 14-230 to 14-242, inclusive, or section 14-245, or 14-247, causes any injury to the person or property of another, shall be liable to the party injured in double or treble damages if, in the discretion of the court in which any action is pending, double or treble damages are just, with the costs of such action."

After our decision in *Gionfriddo* v. *Avis Rent A Car System, Inc.*, 192 Conn. 280, 472 A.2d 306 (1984), the legislature amended General Statutes § 14-295 by enacting No. 85-122 of the 1985 Public Acts, effective October 1, 1985, to add the following sentence: "The provisions of this section shall not apply to any person licensed under section 14-15." The referenced statute, General Statutes § 14-15, provides for the licensing of firms, such as Avis, engaged in the business of leasing or renting motor vehicles without drivers in this state. It is not claimed that this amendment has any effect upon the issues in this case.

had been commenced. Liberty has satisfied the remaining portion of the judgment for compensatory and exemplary damages. Avis seeks indemnification for the amount it has expended to satisfy the treble damages portion of the judgment against it and also for attorney's fees and other expenses, including those incurred in its unsuccessful appeal of *Gionfriddo*. The parties agree that the pertinent policy provision, contained in a comprehensive general and automobile liability policy in effect at the time of the accident from which the claim arose, is as follows: "The company [Liberty] will pay on behalf of the insured [Avis] all sums which the insured shall become legally obligated to pay as damages because of Coverage A. bodily injury or Coverage B. property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use . . . of an automobile and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage. . . ."

The policy also defines the term bodily injury as follows: "Bodily injury means bodily injury, sickness or disease sustained by a person which occurs during the policy period including death at any time resulting therefrom."

Avis claims that Liberty's promise to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of . . . bodily injury . . . caused by an occurrence and arising out of the ownership, maintenance or use . . . of an automobile" includes coverage for the damages assessed against it pursuant to §§ 14-154a and 14-295 because of the reckless operation of its automobile by its lessee, who caused the accident. Liberty maintains: (1) that the policy term, "damages because of . . . bodily injury," does not include damages assessed as a statutory penalty for reckless misconduct, which con-

stitute "a reward for securing the punishment of one who has committed a wrong of a public nature"; and (2) that this court has previously given such a construction to similar policy language under parallel circumstances, a precedent upon which insurers are entitled to rely in drafting insurance policy provisions.

## I

Apart from other considerations, the provision indemnifying Avis for "all sums which the insured shall become legally obligated to pay as damages because of . . . bodily injury" can be reasonably construed to include a judgment trebling a compensatory damages award because of the reckless nature of the conduct that produced the bodily injury. The "bodily injury," in this case the death of the victim in a head-on collision, was the event that caused Avis to become "legally obligated to pay as damages" the entire judgment, including compensatory, exemplary and statutorily enhanced damages. See *Salus Corporation* v. *Continental Casualty Co.*, 478 A.2d 1067, 1070 (D.C. App. 1984); *Cieslewicz* v. *Mutual Service Casualty Ins. Co.*, 84 Wis. 2d 91, 97, 267 N.W.2d 595 (1978). This essential predicate to Liberty's obligation to indemnify was fulfilled once the victim was injured in the accident. A contrary construction would be inconsistent with Liberty's own understanding of its obligation when, before the trial in *Gionfriddo*, it conceded coverage of any award of exemplary damages. Based on the policy language, it is difficult to perceive any meaningful distinction in the availability of coverage between conduct of a driver deemed sufficiently reprehensible by a jury for an award of punitive damages under common law principles and conduct warranting, in the view of a court, the trebling of damages under § 14-295.

If the policy provisions can reasonably be construed to insure Avis against liability for treble damages

imposed under § 14-295, such a construction must prevail, even though other interpretations may also be reasonable. "When the words of an insurance contract are, without violence, susceptible of two interpretations, that which will sustain the claim and cover the loss must, in preference, be adopted." *Raffel* v. *Travelers Indemnity Co.,* 141 Conn. 389, 392, 106 A.2d 716 (1954). " 'If the terms of an insurance policy are of doubtful meaning, that permissible construction which is most favorable to the insured is to be adopted . . . . ' " *Weingarten* v. *Allstate Ins. Co.,* 169 Conn. 502, 509, 363 A.2d 1055 (1975).

In a majority of the states, policy language similar to the provision before us has been construed to afford coverage for exemplary as well as compensatory damages even where the conduct of the insured himself has been the basis for imposing exemplary damages. 12 J. Appleman, Insurance Law and Practice (1981) § 7031, p. 153; see, e.g., *Abbie Uriguen Oldsmobile Buick, Inc.* v. *United States Fire Ins. Co.,* 95 Idaho 501, 511 P.2d 783 (1973); *Sinclair Oil Corporation* v. *Columbia Casualty Co.,* 682 P.2d 975 (Wyo. 1984). In several other jurisdictions, where public policy has been held to preclude the wrongdoer whose conduct has resulted in an award of punitive damages from shifting this liability to his insurer, the courts have allowed insurance coverage for an insured such as Avis, on whom liability for such damages has been imposed vicariously. 12 J. Appleman, supra, § 7031, p. 164; see, e.g., *Ohio Casualty Ins. Co.* v. *Welfare Finance Co.,* 75 F.2d 58, 60 (8th Cir. 1934), cert. denied, 295 U.S. 734, 55 S. Ct. 645, 79 L. Ed. 1682 (1935); *U.S. Concrete Pipe Co.* v. *Bould,* 437 So. 2d 1061, 1064 (Fla. 1983). The views of other jurisdictions have special significance in this case in refuting Liberty's claimed reliance in issuing its policy upon our decision in *Tedesco* v. *Maryland Casualty Co.,* 127 Conn. 533, 18 A.2d 357 (1941), discussed in part

II of this opinion. It was admitted during oral argument that Liberty's policy covered Avis for liability throughout this country and had not been designed only for its Connecticut operations.

We conclude that the syntax of the pertinent policy provisions as well as the established principle resolving insurance policy ambiguities in favor of the policyholder require us to construe the policy provisions in this case to afford coverage for the liability imposed on Avis for treble damages under § 14-295, unless other considerations, discussed in part II, interpose.

## II

Liberty relies primarily upon the decision of this court in *Tedesco* v. *Maryland Casualty Co.,* supra, holding that the actual wrongdoer, whose violation of statutes governing the operation of motor vehicles had resulted in an award of double damages, pursuant to a statutory predecessor of § 14-295, for injuries he had caused, was not entitled to indemnification from his insurer under similar policy provisions. "A policy which permitted an insured to recover from the insurer fines imposed for a violation of a criminal law would certainly be against public policy. The same would be true of a policy which expressly covered an obligation of the insured to pay a sum of money in no way representing injuries or losses suffered by the plaintiff but imposed as a penalty because of a public wrong. If the language of the policy is reasonably open to two constructions, one of which would avoid such a result, that should be adopted. In this case, the additional sum representing the doubling of the compensatory damages is, in its essence, a liability imposed, not for damages because of bodily injury, but as a reward for securing the punishment of one who has committed a wrong of a public nature. The words 'liability imposed upon him [the insured] by law for damages . . . because of bodily injury' do not cover this additional sum." Id., 537–38.

Liberty argues that since its policy contains essentially the same language as the provision construed in *Tedesco,* the construction adopted in that decision denying coverage of a statutory multiple damages award should not be modified. This court, however, in *Gionfriddo* has already expressed the view that the interpretation followed in *Tedesco* and set forth above depended largely upon the view of the court at that time that the alternative construction would result in a violation of public policy. "[The *Tedesco* court] went on to conclude that, because multiple damages were imposed on account of a wrong to the public, it would be against public policy to permit the insured, *the offending driver,* to recover such a sum from the insurer, and therefore improper to regard the insurance policy's coverage of 'damages . . . because of bodily injury' to include such a sum." (Emphasis added.) *Gionfriddo* v. *Avis Rent A Car System, Inc.,* supra, 286. *Tedesco* is expressly based upon the principle that "[i]f the language of the policy is reasonably open to two constructions," the one that does not result in a violation of public policy should be adopted. *Tedesco* v. *Maryland Casualty Co.,* supra, 537. Accordingly, the construction followed in *Tedesco* is hardly a persuasive precedent in this case, where the insured, Avis, is not the actual wrongdoer and no such public policy is applicable.

Liberty also maintains that our view in *Gionfriddo* that § 14-154a imposed liability on Avis as the "alter ego" of the intoxicated driver who caused the accident dictates that Avis be treated in the same manner for purposes of insurance coverage. Liberty does not, however, point out, nor can we conceive of, any consideration of public policy that would be offended by affording insurance coverage for a liability imposed upon Avis under our statutes by virtue of its status as lessor of the motor vehicle involved and not because of any actual wrongdoing on its part.

Our response to the certified question, "Whether the terms of an insurance contract which requires the insurer to 'pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of Coverage A. bodily injury or Coverage B. property damage' extend coverage for treble damages which the insured is legally required to pay," is that the policy does provide such coverage.

No costs will be taxed in this court to either party.

In this opinion the other justices concurred.