[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an underinsured motorist case. The plaintiff alleges that he was injured by a motorist named Gary Gray, that Gray's insurance company has paid him the limits of its policy, and that the defendant by policy provides underinsured motorist benefits to him. He claims money damages and double or treble damages. The defendant, in its answer, asserts five special defenses. The first and fifth allege payments from collateral sources; the second alleges contributory negligence; the third alleges that the plaintiff breached his agreement with the defendant by failing to obtain its permission before settling with Gray and Gray's insurer; and the fourth alleges that the insurance contract specifically excludes the defendant from responsibility for paying punitive damages. The plaintiff has filed a motion to strike all but the second special defense. It is convenient to consider the first and fifth special defenses together and the third and CT Page 9581 fourth special defenses separately.
I. THE FIRST AND FIFTH SPECIAL DEFENSES
The first and fifth special defenses allege the payment of money to the plaintiff from various collateral sources and request an appropriate reduction in any damages. These are not special defenses. As P.B. Sec. 164 explains, special defenses are facts consistent with the plaintiff's statements but independently destroying his right of action. See Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 7, 327 A.2d 583 (1979). The first and fifth special defenses asserted here have nothing to do with the underlying liability. The facts alleged may, of course, be asserted at a hearing in damages, but the motion to strike them as special defenses must be granted.
II. THE THIRD SPECIAL DEFENSE
The third special defense asserts that the plaintiff breached his agreement with the defendant by failing to obtain its consent before settling with Gray. In its objection to the motion to strike, the defendant elaborates that under the insurance contract, underinsured motorist coverage is excluded if the claimant "settles the bodily injury claim without our consent." The contract is not in evidence, but for purposes of a motion to strike, the allegations in the pleading must be taken as true and construed in the light most favorable to the party making the allegations. The plaintiff claims in his motion that because he has pleaded exhaustion of Gray's insurance coverage, the defendant's consent to settlement is not an issue. This argument misses the point. The defendant's contention is that the plaintiff, by settling without its consent in the first place, has affirmatively violated the insurance contract. The plaintiff in his motion gives no reason why this contractual obligation should not be binding, assuming that it exists. His motion to strike the third special defense must therefore be denied.
III. THE FOURTH SPECIAL DEFENSE
The fourth special defense asserts that the insurance contract specifically excludes any responsibility for the payment of punitive damages. The defendant's opposition to the motion to strike states that the contract specifically excludes underinsured motorist coverage "[f]or punitive damages awarded to an insured." Although courts are divided on the issue of underinsured motorist insurance coverage of punitive damages when the policy language is ambiguous, see annot. 54 A.L.R. 4th 1186 (1987), here there is an express contractual exclusion of punitive damages. Absent some violation of public policy, this contractual provision should be honored. CT Page 9582
The court does not believe that such a provision violates public policy. Punitive damages and compensatory damages serve different purposes. The purpose of uninsured and underinsured motorist coverage is to compensate a victim for his losses. The purpose of punitive damages is to punish the wrongdoer and deter future wrongdoing. As the Supreme Court of Massachusetts has recently noted,
 Requiring an insurance company to pay punitive damages to the insured would not serve to deter wrongdoing or punish the wrongdoer; rather it would result in payment of punitive damages by a party who was not a wrongdoer . . . . In the underinsurance context, where the wrongdoer is not in a contractual relationship with the insurance company, there is not even the possible deterrent effect of higher insurance rates.
Santos v. Lumbermens Mutual Casualty Co., 408 Mass. 70,556 N.E.2d 983, 990 (1990). See State Farm Mutual Automobile Insurance Co. v. Wilson, 162 Ariz. 251, 782 P.2d 727, 731 (1989).
Avis Rent A Car System, Inc. v. Liberty Mutual Insurance Co.,203 Conn. 667, 526 A.2d 522 (1987), relied upon by the plaintiff, is not in point, for that case did not involve an express exclusion of punitive damage responsibility by a policy. That case applied "the principle that ambiguities in a policy should be resolved in favor of an insured." American Motorists Insurance Co. v. Gould, 213 Conn. 625, 637, 69 A.2d 1105 (1990). The policy here, at least as far as the pleadings indicate, is not ambiguous. The motion to strike the fourth special defense should be denied.
IV. CONCLUSION
The first and fifth special defenses are stricken. The motion to strike the third and fourth special defense is denied. An amended answer shall be filed within twenty days of the date of this decision.
Dated at Waterbury this 21st day of November, 1991.
JON C. BLUE, J. Judge of the Superior Court