[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff makes a claim against Aetna for the decedent's underinsured motorist benefits. The plaintiff claims double or treble damages according to General Statutes Section 14-295. Aetna filed a motion to strike the claim for double or treble damages on the ground that such damages are not recoverable under underinsured motorist benefits.
The question of whether double or treble damages are recoverable under uninsured motorist benefits involves the interrelationship of two statutes. Each party cites the statute which supports its position but does not discuss the other statute.
Aetna claims that the plaintiff cannot recover double or treble damages because General Statutes Section 14-295 states that a plaintiff can recover multiple damages if "the injured party has specifically pleaded that another party" has recklessly violated the enumerated statutes. (emphasis added) Aetna argues that because the driver of the uninsured vehicle is not a party to this action, the plaintiff cannot possibly plead that "another party" has acted recklessly. Thus, Aetna argues that the plaintiff cannot meet the statutory requirements for recovering multiple CT Page 255 damages.
The plaintiff argues, on the other hand, that the uninsured motorist statute and regulations support a decision in its favor. Statute requires each insurer to provide for its insureds uninsured and underinsured motorist benefits. General Statutes Section 38a-336. Connecticut State Regulations Section 38-175a-6 provides that the minimum protection for uninsured motorist coverage is that the insurer will pay "all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." Thus, the plaintiff argues that because he is legally entitled to recover multiple damages from the uninsured motorist, the defendant insurer must pay all those sums.
Most of the superior courts in Connecticut have determined that a claim for multiple damages against one's uninsured motorist carrier is susceptible to a motion to strike. See Clamage v. Aetna Casualty and Surety Co., 1 Conn. L. Rptr. 529 (April 20, 1990, Cioffi, J.); McGowan v. Aetna Casualty, 4 Conn. L Rptr. 149 (May 29, 1991, Gaffney, J.) (relying on Clamage); Gomes v. Safeco Insurance Co., 5 Conn. L. Rptr. 131 (October 10, 1991, Meadow, J.) (relying on Clamage and McGowan). Although the plaintiff does not cite to it, the case of Minuto v. Aetna Casualty Surety Co.,4 CSCR 700 (August 29, 1989, McDonald, J.) stated that the plaintiff had set forth a "legally sufficient claim for multiple damages" and denied the defendant's motion to strike.
Avis Rent-A-Car System, Inc. v. Liberty Mutual Ins. Co.,203 Conn. 667 (1987) presented a similar situation. There Avis, a lessor of cars, had treble damages imposed on it as a result of a head on collision caused by one of its lessees. Id., 669. The insurance contract between Avis and Liberty stated that Liberty would "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages." Id., 670. The count held that, in light of the policy that the interpretation (of an insurance contract) which sustains the claim must be adopted; citing Robbert v. Travelers Indemnity Co., 141 Conn. 389,392 (1954); and that the interpretation most favorable to the insured is to be adopted; citing Washington v. Allstate Ins. Co.,169 Conn. 502, 509 (1975); the policy included coverage for multiple damages.
The reasoning of Avis provides some guidance to the present case as the only difference in the policy language there and the minimum protection offered by the regulations here is that instead of stating "all sums which the insured shall become legally obligated to pay," the regulation states ". . . which the insured shall be legally entitled to recover." CT Page 256
Based on the reasoning of Minuto, supra, and Avis, supra, this court concludes that the plaintiff has sufficiently alleged a claim for multiple damages against Aetna and the motion to strike is accordingly denied.
LANGENBACH, J.