[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Prudential Property Casualty Insurance Company ("insurer"), has applied for an order vacating an underinsured motorist arbitration award; and the defendant, Carolyn J. Jones ("insured"), has moved to confirm that award and seeks an award of interest.
The sole issue is whether an insured who has received only a portion of a tortfeasor's liability coverage in a multi-victim accident should have her underinsured motorist recovery reduced by the full amount of the tortfeasor's coverage or, as the arbitrators determined, by only the portion of the tortfeasor's coverage that the insured actually received. The insurer does not claim that the insured failed to exhaust the tortfeasor's policy or that she was not entitled to resort to the underinsured motorist coverage of the policy with the insurer.
The arbitration award in question was issued on September 27, 1991. All members of the arbitration panel agreed that this insured had suffered damages to the extent of $92,387.92. From that amount they deducted $3,016.67 of basic reparation benefits she had received from the insurer, and, with one arbitrator dissenting, they determined that the insurer was due a credit in the amount of the payments for bodily injury the insured had actually received from the tortfeasor's coverage, that is, $12,387.92. The resulting award was $76,983.33. If the arbitrators had reduced the award by the amounts paid to all CT Page 1795 victims ($41,758.91) from the tortfeasor's coverage, the net amount to Jones would have been $47,612.34.
The insured had underinsured motorist coverage in the amount of $100,000.00 on each of three cars. Since the total damages found by the arbitrators is less than $100,000.00, there are no issues concerning stacking of coverage.
Scope of Review
The parties agree that the arbitration was not voluntary but was compelled by 38-175c(a)(1)(B), (now 38a-336(c)) C.G.S. It is well settled that as to issues of interpretation and application of law, a party to a compelled arbitration is entitled to de novo review. American Universal Insurance Co. v. DelGreco,205 Conn. 178, 191 (1989). The Connecticut Supreme Court has more recently ruled that where review is sought as to factual determinations in such settings, the reviewing court should uphold arbitrators' determinations if they are supported by substantial evidence. Chmielewski v. Aetna Casualty and Surety Co., 218 Conn. 646,656 (1991).
The court finds that the issue as to the proper calculation of an offset is a legal determination, not a factual one, as the issues are the interpretation of statutes and regulations; regarding the provision of uninsured motorist benefits and interpretation of the provisions of the policy issued by the insurer to the insured. Accordingly, the court will undertake de novo review of the arbitrators' determination as to the correct approach to an offset.
Discussion
The insurer contends that its calculation of the offset is compelled by the following provisions of the uninsured/underinsured provisions of the policy:
Uninsured Motorists
 If you have this coverage (see the Declarations), we will pay up to our limit of liability for bodily injury that is covered under this part when an insured (whether or not occupying a car) is struck by an underinsured motor vehicle. Our payment is based on the amount that an insured is legally entitled to recover for bodily injury because . . . the owner or driver responsible for the accident has liability insurance or a liability bond in an amount that is less than the limits shown for CT Page 1796 this coverage on the Declarations
and
Payments Reduced
 Payments will be reduced by any amount payable by persons responsible for the accident. Payments under this part will also be reduced by any amount payable under this policy or by other sources.
The insurer claims that because $41,758.91 of the tortfeasor's coverage was "payable" to Jones, though not in fact paid to her, this entire amount should be offset from the damages found.
Provision of underinsured motorist coverage in automobile insurance policies is required by 38a-336(a)(1) (formerly 38-175(c) C.G.S., "for the protection of persons insured [under automobile liability policies] who are legally entitled to recover damages from owners or operators of . . . underinsured motor vehicles."
An insurer's ability to provide contractually for reductions in the underinsured motorist benefits paid to its insureds is limited by regulation 38-175a-6(d), which states in pertinent part
 the policy may provide for the reduction of limits to the extent that damages have been
1) paid by or on behalf of any person responsible for the injury
 2) paid or are payable under any workers' compensation or disability benefits law, or
3) paid under the policy in settlement of a liability claim. . . .
Pursuant to 38a-338 C.G.S. (formerly 38-175d) policy provisions which impose reductions not expressly authorized by the regulations are invalid and unenforceable. See Nationwide Insurance Co. v. Gode, 187 Conn. 386, 399 (1982); Safeco Insurance Co. v. Vetre, 174 Conn. 329, 333 (1978).
Prudential's policy provides for a reduction of underinsured motorist coverage in amounts "payable by persons responsible for the accident." (emphasis supplied) The regulation allows, in a situation where the tortfeasor is not insured under the same policy resorted to for underinsured benefits, reduction only for amounts "paid by or on behalf of any person responsible for the injury." (emphasis supplied).
Contrary to the insurer's contention, the rulings in CT Page 1797 American Motorists Insurance Company v. Gould, 213 Conn. 625
(1990) do not support its position. Gould involved a one-car accident. The driver's liability coverage was supplied by the same policy to which Gould resorted for underinsured benefits. In such a situation, the applicable portion of regulation 38-175a-6(d) is subsection (3), which allows a reduction in the underinsured benefits in the amount "(3) paid under the policy in settlement of a liability claim . . ." The Supreme Court in Gould discussed reduction of the underinsured limits under subsection (3) of the regulation only, and found that the insurer in Gould had validly provided in its policy for a reduction of the underinsured coverage in the amount of all sums paid under the liability coverage of the same policy. Gould, supra, at 636-7. The authorized reduction meant, for the insurer in Gould, that its coverage in an accident in which resort was had both to the liability and to the underinsured limits of the same policy would be no more than one coverage to the limit paid for by the insured, not up to one coverage under the liability coverage and one coverage under the underinsurance coverage.
The situation in the case at bar does not, by contrast, include the liability and underinsured coverage of the same policy. The governing regulation here is subsection (1) of 38-175a-6(d), which allows a reduction to the extent that damages have been (1) paid by or on behalf of any person responsible for the injury. [emphasis supplied]. The court notes that subsection (2) of the same regulation uses the phrase "paid or payable," a difference in drafting which suggests that a claimant's access to underinsured coverage is not to be reduced by amounts potentially "payable" to her by the tortfeasor but actually paid to others.
The court respectfully declines to extend the reasoning of Judge Schaller in Phoenix General Insurance Co. v. Stephan, CV 318927, New Haven Judicial District (Nov. 1, 1991) to the situation presented. The ruling in that case, as in Gould, involved subsection (3) of the cited regulation, not subsection (1), and the issue was a limitation on the same insurer's total exposure under the same insurance policy, not a credit for sums paid to other victims by a different insurer.
Covenant Insurance Co. v. Coon, 220 Conn. 30 (1991) cited by the insurer, concerns the determination of threshold eligibility to resort to underinsured coverage and the stacking of coverage, not to reductions of the amount of available underinsured motorist coverage.
The next issue is whether 38-175a-6(d)(1) should be read to allow reduction in the amount paid by a tortfeasor to all victims or only the amount paid to the particular victim claiming underinsured motorist benefits. Since the purpose of requiring CT Page 1798 underinsured motorist coverage is, as cited above, the protection of injured persons from tortfeasors who are uninsured or underinsured, it seems logical to interpret the effectuating regulations in a manner which achieves that protection from the consequences of underinsurance, that is, failure to be fully compensated for their injuries. Interpreting 38-175a6(d)(1) to reduce underinsurance benefits for amounts not paid to the claimant but to others can hardly be said to effectuate the intended protection, and this court therefore rejects the insurer's view that the reduction it favors is authorized.
An additional reason exists for rejecting the insurer's position. Even if the insurer's interpretation of the reduction were to be seen as authorized by the regulations, the policy terms do not consistently state such a limitation and must therefore be resolved in favor of the insured. The policy provisions setting forth the insurer's obligation to pay underinsured motorist benefits are explained initially, at page 7, as follows:
 [t]he limit stated under Underinsured Motorists — Each Person on the Declarations is the limit of our liability less all amounts recovered for all damages, including damages for care or loss of services, arising out of bodily injury to one person as a result of any one accident.
This explanation suggests that only amounts recovered by a claimant from others — not the amount recovered from the tortfeasor by other victims — will be deducted from the underinsured limits. This term of the policy is inconsistent with the insurer's present interpretation of the sentence which appears elsewhere in the policy, that "[p]ayments will be reduced by any amount payable by persons responsible for the accident." Since the former statement is the initial explanation of the limits of underinsured motorist coverage, an insured would reasonably expect the latter sentence to be construed in a manner consistent with this initial description, which indicates a reduction for amounts recovered by a claimant. Because ambiguities in an insurance policy are to be resolved in favor of the insured, Avis Rent A Car System, Inc. v. Liberty Mutual Ins. Co., 203 Conn. 667, 672 (1987), the ambiguities in the policy language cited above should be resolved in favor of the initial description of a limited reduction of coverage in the amount of the sums recovered by the claimant.
The insured urges the court to exercise its discretion pursuant to 37-3a C.G.S. to award interest retroactive to the date of the arbitration award. The Connecticut Supreme Court in Chmielewski v. Aetna Casualty and Surety Co., 218 Conn. 646, 676
(1991), indicated that an award of interest in just such a situation is governed by the trial court's judgment whether, under CT Page 1799 the circumstances, the money awarded by the arbitrators has been wrongfully withheld, pursuant to 37-3a, a determination "to be made in view of the demands of justice rather than through the application of any arbitrary rule." Chmielewski, id., Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 701 (1991).
The insurer's claim as to the interpretation of its policy language is not one which has been raised and rejected previously, and it cannot be characterized as frivolous. Imposition of interest should not be used to discourage parties from raising good faith challenges to arbitration awards in an area uncharted by controlling precedent. Accordingly, this court declines to award interest from the time of the rendering of the arbitration award, and interest shall run only from the date of this ruling. See, in accord, Hrostek v. Nationwide Mutual Insurance Co., CV88-024943 Jud. Dis. of Ansonia/Milford at Milford, Jan. 23, 1990 (Fuller, J).
Accordingly, the arbitration award in the amount of $76,983.33 is confirmed, the request for prejudgment interest is denied, and the application to vacate the award is denied.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT