[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion to strike filed by the defendant, Aetna Life Casualty Company, presents again the question of whether one may recover double/treble damages in a claim for uninsured/underinsured motorist coverage. General Statutes 38a-336. This statute obligates insurance companies to provide coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles or underinsured motor vehicles." CT Page 2574
According to the complaint, the plaintiff, Daniel Powe, was injured due to the negligence of one Michael S. Conforti, while Powe was riding as a passenger on a motorcycle driven by Conforti. The plaintiff also alleges that the "Conforti vehicle did not maintain insurance coverage to compensate the Plaintiff for his losses," and that Powe lived at home with his father, William Powe, who was insured by the defendant with a policy providing uninsured motorist coverage. In addition to monetary or compensatory damages, plaintiff claims "[D]ouble or treble damages in accordance with Connecticut General Statutes Section 14-295 and/or Public Act 88-295."
The defendant has filed motion #121 to strike the claim for double/treble damages on the grounds that General Statutes 14-295 was not in effect on the date of plaintiff's accident, July 12, 1987, and also because the statute does not apply to claims for uninsured motorist coverage.
In ruling on a motion to strike, Practice Book 152, the court is limited to the facts alleged in the complaint, and the facts are to be construed in a manner most favorable to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988).
This issue of double/treble damages in the context of a claim for uninsured motorist coverage has not been resolved by our appellate courts, and is the subject of some dispute in the Superior Court. See, for example, the decision of Judge Langenbach in Fischer v. Aetna Casualty and Surety Co., S Conn. L. Rptr., No. 18, 480 (February 17, 1992). In refusing to strike a claim for double/treble damages, he relied in part on Avis Rent A Car System, Inc. v. Liberty Mutual Ins. Co.,203 Conn. 667, 526 A.2d 552 (1987), for the proposition that where ambiguities exist, they must be resolved in favor of the insured. However, in West Haven v. Hartford Ins. Co., 221 Conn. 149, 164, A.2d (1992), the Supreme Court limited Avis to situations where an ambiguity actually exists, but that "[T]his court will not ordinarily construe a statute whose meaning is plain and unambiguous." Id., 156.
For the reasons stated in my memorandum of decision in Clamage v. Aetna Casualty and Surety Company, CV 89 0102594, dated April 16, 1991, I believe that the wording in General Statutes 14-295 to the effect that double or treble damages are recoverable if the injured party has specifically pleaded that "another party" has deliberately or with reckless disregard operated a motor vehicle in violation of certain statutes, is plain and unambiguous(emphasis added). Instead of repeating the reasoning of that decision in this case, I am attaching it hereto and making it a part hereof.
Thus, defendant's motion to strike is granted for the reasons stated in Clamage. CT Page 2575
So Ordered.
Dated at Bridgeport, Connecticut this 20th day of March, 1992.
WILLIAM B. LEWIS, JUDGE