[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CONSOLIDATED MEMORANDUM OF DECISION
These consolidated cases arise from a tragic accident caused by a motor vehicle operated by a driver who was both intoxicated and uninsured. On January 6, 1992, the arbitrators awarded substantial compensatory damages to Robert and Carolyn Caulfield, who were passengers in the vehicle struck by the tortfeasor. The arbitrators decided, however, with one dissenting vote) CT Page 6125 that common law punitive damages and statutory multiple damages pursuant to Conn. Gen. Stat. 14-295 could not be awarded against the insurance companies in this matter. The insurance companies involved are Amica Mutual Insurance Co., which insured the driver of the automobile in which the Caulfields were driving, and Travelers Insurance Co., which insured the Caulfields. The two insurance companies have filed respective applications to confirm the award, and the Caulfields have filed an application to confirm the award of compensatory damages and to vacate the denials of common law punitive and statutory multiple damages.
All parties agree that the award of compensatory damages must be confirmed, and the court agrees as well. That portion of the award is confirmed without discussion.
On the questions of common law punitive and statutory multiple damages, it is appropriate to begin the analysis by looking to the contractual language. The Amica policy states that, "We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury: 1. Sustained by an insured; and 2. Caused by an accident." (Part C(A).) An addendum states "We do not provide coverage for punitive or exemplary damages." The Travelers policy states that, "We will pay all sums the `insured' is legally entitled to recover as damages from the owner or driver of an `uninsured motor vehicle'. The damages must result from `bodily injury' sustained by the `insured' caused by an `accident.'" (P. 19.) A modification at the end states "This insurance does not apply to punitive or exemplary damages." (P. 29.)
The express exclusion of "punitive or exemplary damages" by each policy in question seems to the court to be dispositive of the issue as far as contractual language is concerned. The Caulfields contend, however, that the policy language is void insofar as it sets up an exclusion not authorized by statute (in this case, Conn. Gen. Stat. 38a-336) or regulation (in this case, Conn. Reg. 38-175a-6(a)).
In Bodner v. United Services Automobile Association,222 Conn. 480 (1992), the Connecticut Supreme Court construed the damages" and "all sums" language of the controlling statute and regulation with a breadth similar to that argued for by the Caulfields. The Court nevertheless held that common law punitive damages may not be collected in a case like the one presented here. The Court's decision rested on two bases. First, the claim for common law punitive damages "runs afoul of the well-established rule that, "in the absence of express contractual terms to the contrary, allowance of fees [against an insurer]. . . does not extend to services rendered in establishing the right to CT Page 6126 indemnification.' Burr v. Lichtenheim, 190 Conn. 351, 363,460 A.2d 1290 (1983)." 222 Conn. at 497. Second, the Court held, such an award would contravene considerations of "public policy." Id. at 499.
Bodner is dispositive of the Caulfields' claim for common law punitive damages. Although Bodner did not involve a claim for statutory multiple damages, the court believes that its reasoning is dispositive of this claim as well. In Tedesco v. Maryland Casualty Co., 127 Conn. 533, 18 A.2d 357 (1941), the Supreme Court held that a plaintiff may not recover statutory multiple damages against a tortfeasor's insurance company. Although Tedesco's construction of the policy phrase "because of . . . bodily injury" was overruled by Avis Rent A Car System, Inc. v. Liberty Mutual Insurance Co., 203 Conn. 667, 526 A.2d 522 (1987), Bodner leaves no doubt that Tedesco's actual holding remains undisturbed.222 Conn. at 499. Thus, had the tortfeasor here been insured, the Caulfields would not, under Tedesco, have been able to recover statutory multiple damages from his insurer. To paraphrase Bodner, allowing a recovery of statutory multiple damages under uninsured motorist coverage would, in effect, place the insured in a better position than would exist if the tortfeasor had been insured. Id. See Alan Widiss, Uninsured and Underinsured Motorist Insurance, 12.6, p. 550 (2d ed, 1990). Moreover, as Bodner also points out, unlike the insurer in Avis, Amica and Travelers have "no relationship whatsoever, direct or indirect, to the tortfeasor nor to the conduct underlying the claim for [statutory multiple] damages, and cannot allocate even a portion of the risk of [statutory multiple] damages to the tortfeasor by increasing the tortfeasor's insurance rates." 222 Conn. at 499. The payment of such damages in this case is, if anything, even more incompatible with public policy than it was in Tedesco. For these reasons, the court believes that it is clear that statutory multiple damages cannot be awarded in this case.
In No. 107319, the application is granted insofar as it seeks to confirm the award of compensatory, damages and denied insofar as it seeks to vacate the denial of common law punitive and statutory multiple damages. In Nos. 107621 and 107688, the applications to confirm the award below are granted.
Dated at Waterbury, this 24th day of June, 1992.
JON C. BLUE Judge of the Superior Court