[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 11307
The subject here addressed is as to whether an insured is legally entitled to recover double and treble damages as provided for by Connecticut General Statutes 14-295, pursuant to the provisions of his policy of uninsured motorist coverage.
Because the insurer has no relationship to the conduct underlying the claim for double or treble damages, a plaintiff's ad damnum is legally insufficient. The motion to strike should be granted.
On July 8, 1992, the plaintiff, John Napoletano, Jr., (hereinafter "Napoletano"), filed a revised complaint. In that complaint, Napoletano alleges that at approximately 12:30 a.m., on February 25, 1990 he was struck in the leg by a hit-and-run driver while crossing LaSalle Street in New Britain. Napoletano alleges that he was a "covered person" insured under the terms of an automobile insurance contract between the defendant, Aetna Casualty Surety Company (hereinafter "Aetna"), and Darlene Napoletano, in that he was a family member of Darlene's. Napoletano himself had exhausted the limits of an insurance policy that he held with the Windsor Insurance Company (not a party to this action).
As part of his revised complaint Napoletano filed ad damnum which contained a demand for (1) monetary damages; (2) double and treble damages pursuant to General Statutes14-295; and (3) such other relief as this court may deem just and equitable.
On August 25, 1992, the defendant filed a motion to strike. In that motion, and its supporting memorandum of law, Aetna seeks to strike that portion of the plaintiff's ad damnum clause which refers to double or treble damages, on two grounds: (1) that they are not recoverable from an uninsured motorist carrier; and (2) because a plaintiff may not recover double or treble damages where it has not pleaded that "another party" operated a motor vehicle deliberately or with reckless disregard.
On October 2, 1992, the plaintiff filed its objection to defendant's motion to strike. That objection addressed two issues: (1) the viability of the defendant's application CT Page 11308 of Connecticut case law to support the defendant's first contention; and (2) the defendant's improper use of certain Superior Court opinions to limit the application of General Statutes 14-295.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 92, 108,491 A.2d 368 (1985). It can be directed toward a complaint, the legal sufficiency of the allegations of which are at issue or towards the legal sufficiency of any prayer for relief. Practice Book 152. "In considering [a] ruling upon [a] motion to strike [courts] are limited to the facts alleged in the complaint." King v. Board of Education of the Town of Watertown, 195 Conn. 90, 93, 486 A.2d 1111 (1985).
The defendant's first argument in support of its motion to strike is that double and treble damages as provided by General Statutes 14-295 are not recoverable pursuant to uninsured motorists insurance coverage. As authority for that proposition Aetna cites Bodner v. United Services Automobile Association, 222 Conn. 480 (1992) and related cases for support.
In Bodner, the issue was whether common law punitive damages were recoverable under the uninsured motorist provision of an automobile insurance policy. Id., 482. In dicta that court held that "[i]t is evident from [Black's Law Dictionary and the Restatement (Second) of Torts 12A] that common law punitive damages are an element of `damages.'" Id., 495. But the court then went on to hold specifically that "Bodner may not collect attorney's fees incurred in the pursuit of his claim against USAA . . . Bodner's insurance contract does not provide him coverage for the specific punitive damages claim he is pursuing in this case." Id., 497.
The plaintiff responded in its objection, by arguing that Bodner stood for the rule that common law punitive damages were not available under the policy issued by the insurer in that case, and that its holding must be read and applied in light of that limited issue. Furthermore, plaintiff argues that Bodner does not even address statutory damages available under 14-295 nor does it address Aetna's policy in the present case. In support of its argument plaintiff cites Avis Rent A Car System, Inc. v. Liberty Mutual Ins. Co., 203 Conn. 667,526 A.2d 522 (1987), in which the court stated that CT Page 11309 "[t]he provisions indemnifying Avis for `all sums which the insured shall become legally obligated to pay as damages because of . . . bodily injury' can be reasonably construed to include a judgment trebling a compensatory damages award because of the reckless nature of the conduct that produced the bodily injury." Id., 671.
Avis can be distinguished from the present case. The facts in that case indicate that Avis brought suit against its insurer (in an action for declaratory judgment) for indemnification for that portion of a judgment against Avis representing statutory treble damages which resulted from an accident caused by the wrongful operation of an Avis car by one of its lessees. Id., 667-68. This case, on the other hand, involves an action by the victim of a hit-and-run driver against an insurance company, pursuant to a contract of insurance between the insurer and a family member of the victim.
Recent Connecticut cases are in accord with the defendant's position. "Allowing a recovery of statutory multiple damages under uninsured motorist coverage would, in effect, place the insured in a better position than would exist if the tortfeasor had been insured." Caulfield v. Amica Mutual Insurance Co., 6 CTLR 549, 550 (June 24, 1992, Blue, J.). Discussing the propriety of making the insurer liable for double or treble damages, the Caulfield court went on to say "[m]oreover . . . [the insurer has] `no relationship whatsoever, direct or indirect, to the tortfeasor not to the conduct underlying the claim for [statutory multiple] damages . . . .'" Id., quoting Bodner v. United Services Automobile Association, supra, 499.
The culpable party in the present case is the hit-and-run driver who struck Napoletano in the leg, not the insurer.
Because Aetna has no relationship to the conduct underlying the claim for double or treble damages, the plaintiff's ad damnum is legally insufficient and should be stricken. Because the motion to strike should be granted on the first ground, the court need not consider the remaining grounds for the motion. The plaintiff's Objection to the Motion To Strike is overruled.
The Motion to Strike is granted. CT Page 11310
LEONARD W. DORSEY STATE TRIAL REFEREE