[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMO IN RE: MOTION TO STRIKE #101
A motion to strike is used to "test the legal sufficiency of a pleading." Alarm Applications Company v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980). It admits the facts alleged in the complaint and the complaint is viewed in the light most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 522 A.2d 1235 (1989).
General Statutes 14-295 states:
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-222, 14-227a, 14-230, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
(Emphasis added.) The issue of whether an insurer is liable for CT Page 803 double or treble damages under General Statutes 14-295, when the driver is not made a party to the action, has not been addressed by the Appellate or Supreme Courts. However, a number of Superior Court cases have found that a claim for double or treble damages pursuant to 14-295 is amenable to a motion to strike when the driver charged with the statutory violations enumerated in this section has not been made a party to the suit. Clamage v. Aetna Casualty and Surety Company, 1 Conn. L. Rptr. 529 (April 20, 1990, Cioffi, J.); McGowan v. Aetna Casualty, 4 Conn. L. Rptr. 118 (May 29, 1991, Gaffney, J.); Gomes v. Safeco Industries Co.,5 CTLR 131 Oct. 10, 1991, Meadow, J.); Hammersla v. Aetna Casualty and Surety, 5 CTL 304 (Dec. 3, 1991, McWeeny, J.); But see Minuto v. Aetna Casualty and Surety, 4 CSCR 700 (August 29, 1989, McDonald, J.).
The reasoning of Judge Cioffi in Clamage is sound in finding that the language "another party" in 14-295 refers to a party to the suit in which the injured party seeks the double or treble damages. It is therefore not appropriate to bring a claim for double or treble damages when only an insurance company has been made a party to the action.
The plaintiff's second count for recklessness be stricken on two grounds: (1) that you cannot bring an action against an insurance company for a driver's reckless conduct; and (2) that the plaintiff has failed to specifically state a factual basis for recklessness.
 Recklessness . . . is more than negligence, more than gross negligence . . . there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them.
(Citations omitted).) Dubay v. Irish, 207 Conn. 518, 532,542 A.2d 711 (1988). The plaintiff has merely reiterated her facts from her negligence count and inserted the word "reckless" along with two statutory violations, General Statutes 14-227a, 14-222, which have also been asserted in the first count.
 The reiteration of acts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere CT Page 804 nomenclature. `There is a wide difference between negligence and a reckless disregard of the rights and safety of others. . . .' Brock v. Waldron, 127 Conn. 79, 81, 14 A.2d 713 (1940).
Camparone v. Cooper, 7 CTLR 262, 263 (August 27, 1992, Lewis, J.).
The plaintiff's second count and second prayer for relief are stricken as they do not set forth a legally sufficient claim against this defendant.
SYLVESTER, J.