[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE RE: UNDERINSURED MOTORIST CLAIM AND LIABILITY OF INSURER WHERE ALLEGED TORTFEASOR IS NOT NAMED AS A PARTY, AND CLAIM FOR PUNITIVE DAMAGES CT Page 8919
The issue to be addressed in ruling on this motion to strike is whether praying for punitive damages against an underinsured motorist policy based on the alleged reckless conduct of a third party tortfeasor, not named as a party, sufficiently states a claim upon which relief can be granted. Although some Connecticut Superior Court opinions have found punitive damages available in the underinsured motorist context, see Fischer v. Aetna Casualty and Surety Co., 5 Conn. L. Rptr. No. 18, 480 (1992); Minuto v. The Aetna Casualty Surety Co., 4 CSCR 700
(1989), the Plaintiff in the case at bar has not met the pleading standard required in order to survive a motion to strike.
This action is being brought by Danielle Pohorence who claims that on March 13, 1992 she was a passenger in a motor vehicle, owned and operated by Joyce Pica, and that the vehicle was struck in the rear by Kenneth Nash, causing injuries, losses and damages. Plaintiff Pohorence also claims that the insurance coverage available from the tortfeasor has been exhausted. Because the plaintiff alleges that she was a passenger of Pica, she also is claiming that she is insured under Pica's policy issued by the Defendant Electric Insurance Company. Consequently, the Plaintiff is seeking damages against the underinsured motorist protection provided by this policy. The Plaintiff asserts that since the insurance policy issued by the Defendant called for underinsured motorist protection covering all insureds, the Defendant is legally obligated to the Plaintiff for all bodily injuries and losses sustained by them as a consequence of the aforesaid collision. The Plaintiff claims punitive damages, pursuant to Connecticut General Statutes section 14-295, as to counts three and four of the complaint.
The Defendant Electric Insurance Company has filed a motion to strike the third and fourth counts of Plaintiff's Complaint for failure to state a claim upon which relief can be properly granted and also seeks to strike those claims for relief seeking punitive damages. The Defendant requests that counts three and four be stricken in their entirety.
The purpose of the motion to strike is set forth in Conn. Practice Book 152, which provides in pertinent part that, "[when] any party wishes to contest the legal sufficiency of the allegations of the complaint . . . to state a claim upon which relief can be granted. . . that party may do so by filing a motion to strike." A CT Page 8920 motion to strike challenges the legal sufficiency of a pleading, Mingachos v. CBS. Inc., 196 Conn. 91, 108, 491 A.2d 368, 378
(1985), and admits well-pleaded facts but does not admit legal conclusions or the truth — or accuracy of opinions stated in the pleadings. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822, 825 (1980). Therefore, the trial court may not look beyond the complaint for facts not alleged, Cavallo v. Derby Savings Bank, 188 Conn. 281, 285-86,449 A.2d 986, 988 (1982), but viewing the facts in the light most favorable to the nonmoving party the motion to strike must be denied if the factual allegations would support a cause of action. Alarm Applications Co., supra, at 545, 427 A.2d at 825. Finally, a motion to strike is properly employed to test the legal sufficiency of a prayer for relief. Conn. Practice Bk. 152(2).
Both the Defendant and the Plaintiff rely on Connecticut Supreme Court opinions to support their respective arguments. (Citing Tedesco v. Maryland Casualty Co., 127 Conn. 533,18 A.2d 357 (1941); Avis Rent-a-Car v. Liberty Mutual Ins.,203 Conn. 667, 526 A.2d 522 (1987)); and Bodner v. United Services Automobile Ass'n, 222 Conn. 480, 493, 610 A.2d 1212 (1992)). However, "[t]he issue of whether an insurer is liable for double or treble damages under Connecticut General Statutes 14-295, when the driver has not been made a party to the action, has not been addressed by the Appellate or Supreme Courts. [Yet], a number of Superior Court cases have found that a claim for double or treble damages pursuant to section 14-295 is amenable to a motion to strike when the driver charged with the statutory violations enumerated in this section has not been made a party to the suit." Lezotte v. Hanover, 8 CSCR 156 (1993) (citing Clamage v. Aetna Casualty and Surety Co., 1 Conn. L. Rptr. 529 (1990); McGowan v. Aetna Casualty, 4 Conn. L. Rptr. 118 (1991); Gomes v. Safeco Ins. Co., 5 Conn. L. Rptr. 131 (1991); Hammersla v. Aetna Casualty and Surety, 5 Conn. L. Rptr. 304 (1991)). Although the Plaintiff does rely on two Connecticut Superior Court opinions to support her claim, the complaints in those cases were pled with greater specificity, and therefore, were able to survive a motion to strike. See Fischer v. Aetna Casualty and Surety Co., 5 Conn. L. Rptr. No. 18, 480 (1992); Minuto v. The Aetna Casualty Surety Co., 4 CSCR 700 (1989).
The Plaintiff is claiming punitive damages under section 14-295
of the Connecticut General Statutes:
In any civil action to recover damages resulting from personal CT Page 8921 injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of sections 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
Conn. Gen. Stat. Ann. 14-295 (West 1993).
The language "another party" in section 14-295 has been interpreted by our courts to mean one who is "a party to the suit in which the injured party seeks damage." Therefore it has been held that "it is not appropriate to bring a claim for double or treble damages when only an insurance company has been made a party to the action." Clamage, supra, at 530; Lezotte, supra, at 156; Gomes, supra, at 131; Hammersla, supra, at 304; McGowan, supra, at 118; Powe, 6 Conn. L. Rptr., No. 6, 177, 178; but see Fischer and Minuto, supra.
In Clamage, the plaintiff alleged that he was a passenger in a car owned and operated by a third-party tortfeasor and was seeking under section 14-295 punitive damages against the underinsured motorist policy based on the tortfeasor's alleged negligence and carelessness in violation of sections 14-219 and 14-230 of the Connecticut General Statutes. Therefore, the court held that "the plaintiff's allegations of the negligence, carelessness and statutory violations of the [third-party tortfeasor], when not a party to the suit, do not entitle the plaintiff to double and treble damages from the defendant Aetna. Accordingly, the defendant's motion to strike the plaintiff's claim for damages [was] granted." Clamage, supra, at 530. Clamage has been followed by the Connecticut Superior Courts when the tortfeasor has not been made a party to the suit in an underinsured motorist claim, whether the policy is held by the tortfeasor, the owner or operator, or the injured party or other individual. See Lezotte, Gomes, Hammersla, McGowan, and Powe, supra. Therefore, it follows that in the case at bar, the Plaintiff's allegations of negligence, carelessness, and statutory violations on the part of Kenneth Nash, who is not a party to the suit, do not support a demand for punitive damages from the defendant Electric Insurance Company.
The Plaintiff claims that since the insurance policy issued by the Defendant called for underinsured motorist protection covering CT Page 8922 all insureds, the Defendant is legally obligated to the plaintiff for all bodily injuries and losses sustained by them as a consequence of the collision on March 13, 1992. However, the Plaintiff later asserts in her Memorandum of Law in Opposition to the Motion to Strike, that the underinsured motorist protection under the subject policy provides the following: "[w]e will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury." In this memorandum, the Plaintiff cited to Bodner v. United Services Automobile Ass'n, 222 Conn. 480, 493,610 A.2d 1212 (1992), in which the subject insurance policy stated: "[w]e will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury." Bodner, supra, at 493,610 A.2d at 1219.
Bodner analyzed the uninsured (underinsured) motorist provision of the Connecticut state regulations: "The insurer shall undertake to pay on behalf of the insured all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury." Bodner, supra, at 496, 610 A.2d at 1220-21 (citing Conn. Agencies Regs. 38-175a-6(a) (1986)). The Plaintiff argued that the above regulation was also applied to defeat a similar motion to strike and to find multiple damages under section14-295 available against an underinsured motorist policy. Fischer v. Aetna Casualty and Surety Co., 5 Conn. L. Rptr., No. 18, 480 (1992) and Minuto v. The Aetna Casualty Surety Co.,4 CSCR 700 (1989).
The plaintiff in Fischer argued that the uninsured motorist statute and regulations support a decision in its favor. Connecticut General Statutes 38a-336 requires each insurer to provide for its insureds uninsured and underinsured motorist benefits and Connecticut State Regulations 38-175a-6(a) provides that the minimum protection for uninsured motorist coverage is that the insurer will pay "all sums which the insured shall be legally obligated to recover as damages from the owner or operator of an uninsured motor vehicle." Conn. Gen. Stat. Ann. 38a-336 (West 1993); Conn. Agencies Regs. 38-175a-6(a) (1986). Therefore, "[t]he plaintiff argue[d] that because he is legally entitled to recover multiple damages from the uninsured motorist, the defendant insurer must pay all those sums." Fischer, supra, at 481.
In Minuto, the plaintiff appended to the complaint a copy of the CT Page 8923 automobile insurance contract and alleged that "the defendant issued to the plaintiff a policy of insurance. . . wherein the defendant agreed to pay on behalf of the plaintiff all sums which a `covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury."' However, Minuto relied on Avis Rent-a-Car v. Liberty Mutual Ins., 203 Conn. 667, 526 A.2d 522 (1987), although Avis was not an underinsured motorist claim, nor a ruling on a motion to strike. The Avis rental car agency applied the above policy language in seeking indemnification from its insurer for the portion of a judgment brought against it in a prior civil action. This judgment represented statutory treble damages that had been assessed pursuant to sections 14-154a ("Liability of Owner for Damage Caused by Rented or Leased Car") and 14-295 because of an accident caused by the operation of an Avis car by its lessee. Avis, supra, at 668, 526 A.2d at 522. The insurance contract which Avis held with Liberty required the insurer to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury." Id.,526 A.2d at 522.
The Avis court applied the rule of construction that "[w]hen the words of an insurance contract are. . . capable of two interpretations, that which will sustain the claim and cover the loss must, in preference, be adopted," Raffell v. Travelers Indemnity Co.,141 Conn. 389, 392, 106 A.2d 716, 718 (1954) and "[i]f the terms of an insurance policy are of doubtful meaning, that permissible construction which is most favorable to the insured is to be adopted. . . ." Weingarten v. Allstate Ins. Co., 169 Conn. 502, 509,363 A.2d 1055, 1059 (1975). Avis, supra, at 667, 526 A.2d at 524. The defendant in Avis relied on Tedesco v. Maryland Casualty Co., 127 Conn. 533, 18 A.2d 357 (1941) in support of its motion to strike. Avis, supra, at 673, 526 A.2d at 525. In Tedesco, the plaintiff was seeking indemnification from his insurer for an award of double damages resulting from violation of a predecessor statute to 14-295 for injuries he had caused. Tedesco, supra, at 534, 18 A.2d at 358. Because Avis was not the wrongdoer as was the plaintiff in Tedesco, and therefore, it would not offend public policy to award punitive damages to Avis, the court construed the policy language in the plaintiff's favor. Avis, supra, at 674, 526 A.2d at 525. Therefore, the Connecticut Supreme Court in Avis held that under this type of insurance contract coverage is extended to treble damages for which the insured is legally required to pay. Avis, supra, at 675, 526 A.2d at 526. CT Page 8924
This court, however, cannot look to the courts in Fischer or Minuto for guidance because the Plaintiff did not set out regulation 38-175a-6(a) or relevant policy language in her complaint. The Clamage plaintiff, like the Plaintiff in the case at bar, argued only in his memorandum opposing the defendant's motion to strike and not in the complaint that the insurance policy provided the following: "[w]e will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury." Clamage, 1 Conn. L. Rptr. at 530. The Clamage court found that under Gordon v. Bridgeport Hous. Auth., 208 Conn. 161, 544 A.2d 1185 (1988) they could not consider the policy language appearing in the opposing memorandum in ruling on the motion to strike. Clamage, supra, at 530. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon, supra at 170, 544 A.2d at 1191 (citing King v. Board of Education,195 Conn. 90, 93, 486 A.2d 1111, 1113 (1985)). Therefore, this Court may not consider either regulation 38-175a-6(a) or the underinsured motorist policy language appearing in the Plaintiff's opposing memorandum because neither is alleged in the Plaintiff's Complaint.
The case law has shown that merely making a claim against an uninsured (underinsured) motorist policy is not enough to survive a motion to strike. See Clamage and its progeny. In contrast, those cases denying the defendant's motion to strike have relied on the inclusion of additional information in the plaintiffs complaint. Specifically, in allowing a claim to survive a motion to strike, the courts have considered the assertion of regulation 38a-175-6 (a) or policy language evidencing responsibility for paying damages which a covered person is legally entitled to recover from an uninsured (underinsured) motorist because of bodily injury. Fischer and Minuto, supra. However, since this Court is not deciding the merits of the Plaintiff's complaint, this Court need not now determine whether inclusion of policy language or the applicable regulation will mandate an award of punitive damages under the subject insurance policy.
In accordance with this opinion, the Defendant's Motion to Strike the Plaintiff's third and fourth counts is granted because they do not set forth legally sufficient claims.
Jones, J. CT Page 8925