CHARLES E. ROWELL *vs.* JOHN G. CROTHERS.

Third Judicial District, New Haven, June Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

To entitle a plaintiff to treble damages for a collision on the highway
    due to the defendant's violation of the law of the road (General
    Statutes, §§ 2689, 2690, Rev. of 1902, §§ 2035, 2036) it is essential
    that the complaint should allege in some form that the defendant's
    vehicle was one "for the conveyance of persons," as prescribed by
    the statute. A description of the vehicle merely as a "wagon"
    or "team" is insufficient.
The plaintiff, a physician, testified on his direct examination that he was
    driving to see a patient at the time of the collision. *Held* that
    upon his cross-examination he might be asked if he did not have a
    very large practice; also if he had not talked about the case with a
    person whose deposition was afterwards taken; and whether he had
    had any trouble with the defendant, or had said to him that he
    would secure his removal from his place in the post-office.

Argued June 3d—decided July 18th, 1902.

ACTION to recover damages for injuries resulting from a
collision on the highway, brought to the City Court of Stamford and thence by the defendant's appeal to the Court of
Common Pleas in Fairfield County, and tried to the jury before *Curtis, J.;* verdict for the plaintiff for $10 damages,
which the court refused to treble on motion of the plaintiff,
and appeal by him for alleged errors in the rulings of the
court. *No error.*

The case is sufficiently stated in the opinion.

*George P. Rowell,* for the appellant (plaintiff).

*Galen A. Carter,* for the appellee (defendant).

HALL, J. The substituted complaint in this case alleges
that the plaintiff "was driving in a wagon belonging to him
along the westerly or right-hand side" of a certain public
highway, and that the defendant was driving another wagon

along the same side of the highway so that "said team of the defendant was approaching that of the plaintiff from the opposite direction, and that the teams of the defendant and the plaintiff were about to meet"; that the plaintiff was driving at a moderate pace, and that he thereupon slackened the same and turned further to the right, giving the defendant more than half the traveled path and affording him a fair and equal opportunity to pass on the highway; that the defendant was driving at a high rate of speed, and did not turn to the right and slacken his pace, so as to give half of the traveled path to the plaintiff, although it was practicable for him to do so, and did not give the plaintiff a fair and equal opportunity to pass on said highway, "contrary to the statute in such case made and provided"; and that in "consequence thereof and by neglecting to conform thereto, the defendant carelessly and negligently drove against the wagon of the plaintiff, and thereby broke and injured the same, and the plaintiff was thrown out of his wagon and much bruised and injured." The complaint stated that the plaintiff claimed, "in treble damages and costs pursuant to the statute, in such case made and provided, $500 damages."

The answer admitted that the defendant's team was approaching that of the plaintiff from the opposite direction, and that said teams were about to meet, but denied the remaining allegations of the complaint.

By way of counterclaim the defendant asked for judgment for the damages which he claimed to have sustained, alleging that the collision was due to the plaintiff's negligence. The plaintiff's reply denied the principal averments of the counterclaim.

Upon these pleadings the jury rendered a verdict in favor of the plaintiff for $10 damages.

The court properly denied the plaintiff's motion for treble damages. Section 2689 of the General Statutes (Rev. 1902, § 2035) provides that when "the drivers of any vehicles for the conveyance of persons shall meet each other in the public highway, each shall turn to the right and slacken his pace," etc., and that "any driver who shall violate this section shall

forfeit fifteen dollars to the town, . . . and pay to the injured party his damages"; and § 2690 (Rev. 1902, § 2036) provides that "every driver of any such vehicle, who shall, by neglecting to conform to the preceding section, drive against another vehicle and injure its owner or any person in it, or the property of any person . . . shall pay to the party injured treble damages and costs."

An essential element of the offense described in these sections, for the commission of which the payment of treble damages may be imposed as a punishment upon the offender, is the driving of " vehicles for the conveyance of persons ; " and to justify a judgment for such treble damages that element must be both alleged and proved.

While the plaintiff might have properly alleged that the vehicle driven by the defendant was one for the conveyance of persons, without using the precise words of the statute, it was necessary for him, in order to recover treble damages, to so describe the vehicle in the complaint as to clearly bring it within the class named in the statute.

The substituted complaint describes the vehicle driven by the defendant, and that in which the plaintiff was driving, as "a wagon." They are also referred to in the complaint as " teams." Since either of these words may as properly be used to designate a vehicle for the carriage of goods, as one for the conveyance of persons, neither of them nor both of them constitute a sufficiently specific description of the vehicle named in the statute to entitle the plaintiff to a judgment for treble damages.

The complaint is, however, not demurrable, as it states a good cause of action for negligence at common law; and the defendant properly took advantage of the absence of an allegation that he was driving a vehicle for the conveyance of persons, by opposing the plaintiff's motion for treble damages, which motion could only be made to the court after the verdict fixing the actual damages.

Practically the same question raised by this appeal, as to the sufficiency of the description of the vehicle to entitle the plaintiff to treble damages, under this statute, was decided

by this court in the recent case of *Stevens* v. *Kelley*, 66 Conn. 570. In that case and in the cases of *Broschart* v. *Tuttle*, 59 Conn. 1, and *Hotchkiss* v. *Hoy*, 41 id. 568, the question of what allegations must be contained in the complaint to justify a judgment for such damages has been so fully considered as to require no further discussion here.

The plaintiff in the present case, who was a physician, having testified upon his direct examination that the collision occurred when he was driving to call on a patient, was asked upon cross-examination if he had not a very large practice, whether he had not talked about the case with a certain person who witnessed the collision and whose deposition was afterwards taken, whether he, the plaintiff, had any ill-feeling toward the defendant, and whether he had had any trouble with him or had told the defendant that he would get him removed from his place in the post-office. The last two questions were answered by the witness in the negative. All said questions were admitted against the plaintiff's objection.

We discover no error in any of these rulings. Certainly the plaintiff has no cause to complain of them. The verdict was in his favor, and, although it was for a smaller sum than the amount claimed by him, we fail to see how these rulings could have in any way affected the amount of damages awarded to him.

There is no error.

In this opinion the other judges concurred.