JOSEPH TEDESCO *v.* MARYLAND CASUALTY COMPANY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued December 3, 1940—decided February 7, 1941.

*DeLancey Pelgrift,* for the appellant (defendant).

*William B. Fitzgerald,* with whom was *Francis J. Summa,* for the appellee (plaintiff).

MALTBIE, C. J. The complaint in this action contained the following allegations: The plaintiff brought an action against Lucy Veneziano, the owner, and Pasquale Scalo, the driver, of an automobile to recover for injuries suffered when it was in collision with one in which he was riding; he recovered judgment for $1744 damages against both, and, as double damages, an additional sum of like amount against Scalo; the defendant had issued to Mrs. Veneziano a policy of insurance covering liability incurred on account of the operation of the automobile involved in the collision, which also, under certain conditions, covered the liability of any person using it with the permission of the named insured; and while the defendant had paid

the plaintiff the amount of damages awarded directly for the injury, it had refused to pay the sum awarded against Scalo as double damages. The complaint recited the terms of the policy upon which the plaintiff relied. As it is not questioned that the operation of the car by Scalo was within its coverage, the only provisions now material are that the defendant agreed to pay "all sums which the insured shall become obligated to pay by reason of liability imposed upon him by law for damages . . . because of bodily injury." The defendant demurred to the complaint upon the ground that the sum now sought to be recovered was awarded as a penalty or reward under the provisions of § 1642 of the General Statutes and not as damages for bodily injury. The trial court overruled the demurrer, and, the defendant refusing to plead over, judgment was rendered for the plaintiff, from which the defendant has appealed.

Section 1642 provides as follows: "Each person who shall, by neglecting to conform to any provision of sections 1639 and 1640, cause any injury to the person or property of another, shall be liable to the party injured in double or treble damages if, in the discretion of the court in which any action is pending, double or treble damages shall be just, with the costs of such action." The original complaint in the former action alleged various grounds of negligence and claimed only compensatory damages, but in an amendment it was alleged that Scalo had wilfully violated § 544e of the 1939 Supplement, which is § 1639 of the General Statutes in an amended form, and the memorandum of decision in that case shows that this was the basis on which the trial court made the award of double damages. The question, then, is whether the additional damages awarded beyond those which were compensatory are within the provision we have quoted

from the policy, as a sum the insured was "obligated to pay by reason of liability imposed upon him by law for damages."

Section 1642 originated in an act passed in 1797 which provided that the offending driver of a vehicle should "forfeit and pay" to the injured party "three fold damages and costs of prosecution." In *Stevens* v. *Kelley*, 66 Conn. 570, 575, 34 Atl. 502, we pointed out that in its original form, the statute provided for a qui tam recovery and said that the triple damages then allowed by the statute "are given the injured party, not as compensation for the injury done him, but as a punishment of the defendant for an offense committed against the state.... The statutory damage is given to the plaintiff as a reward for convicting the defendant of the statutory offense." In *Levick* v. *Norton*, 51 Conn. 461, 469, after discussing the statute, which then contained a provision that if the driver of the vehicle was unable to pay the damages they were recoverable from the owner, we said: "All this by way of prevention of acts endangering the public safety." In *Rowell* v. *Crothers*, 75 Conn. 124, 126, 52 Atl. 818, we said that the payment of additional damages "may be imposed as a punishment upon the offender." It is true that in *Dubreuil* v. *Waterman*, 84 Conn. 47, 51, 78 Atl. 721, we pointed out that a statute may partake of the nature of both a penal and remedial statute, and said that this statute, in so far as it permitted an individual to recover damages, was remedial, but that, while not strictly penal, it was so far of that nature that it should be construed with reasonable strictness. This case was followed in *Dunbar* v. *Jones*, 87 Conn. 253, 256, 87 Atl. 787. In both these cases and in those which were either cited in them or in the cases they cited, the questions at issue were procedural. See *Reed* v. *Northfield*, 30 Mass.

(13 Pick.) 94, 101; *Palmer* v. *New York Bank,* 18 Me. 166, 172.

In essence, the additional award represents a sum the payment of which is imposed upon an offending driver as punishment for a violation of the statute which has the aspects of a wrong to the public rather than to the individual. This is necessarily so because the obligation of the defendant to pay such damages as will compensate the plaintiff for his injuries and losses is first fixed and then the additional award, doubling or trebling that sum, is made. This additional award is in no way compensatory for any such injuries or losses, and it is difficult to see how, under constitutional guaranties, the defendant could be compelled to pay the money to the plaintiff, except as the recovery is of a qui tam nature, that is, one where an individual is permitted to obtain and hold a penalty as a reward for securing the punishment of one who has committed an offense which the legislature deems to be a public wrong. See *Craig* v. *Gerrish,* 58 N. H. 513.

A policy which permitted an insured to recover from the insurer fines imposed for a violation of a criminal law would certainly be against public policy. The same would be true of a policy which expressly covered an obligation of the insured to pay a sum of money in no way representing injuries or losses suffered by the plaintiff but imposed as a penalty because of a public wrong. If the language of the policy is reasonably open to two constructions, one of which would avoid such a result, that should be adopted. In this case, the additional sum representing the doubling of the compensatory damages is, in its essence, a liability imposed, not for damages because of bodily injury, but as a reward for securing the punishment of one who has committed a wrong of a

public nature. The words "liability imposed upon him [the insured] by law for damages . . . because of bodily injury" do not cover this additional sum. The trial court should have sustained the demurrer.

In *Ohio Casualty Ins. Co.* v. *Welfare Finance Co.,* 75 Fed. (2d) 58, the insured was suing its insurer to recover the amount of a judgment obtained against it for compensatory damages and also a large sum awarded as punitive damages, because of the negligent operation by its servant of a car it owned. It was held that the plaintiff could recover under a policy worded like the one before us. Under our law the purpose of awarding so-called punitive damages is "not to punish the defendant for his offense but to compensate the plaintiff for his injuries," and they cannot exceed the amount of the plaintiff's expenses of litigation less taxable costs. *Doroszka* v. *Lavine,* 111 Conn. 575, 578, 150 Atl. 692. In so far as the federal decision holds that in this state there might be a recovery of punitive damages under the policy in question, we have no quarrel with it. We note that in the opinion (p. 60) the court, after referring to certain decisions cited to it involving acts of wilful injury by the insured, says: "In the situation presented by such cases it is obvious that a grave question of validity would arise, since it might well be said that it would be against public policy to permit a person to protect himself in advance against the consequences of intentional wrongdoing injurious to others," and the court then distinguishes the case before it upon the ground that the plaintiff was held liable in the original action solely because, as master, it was responsible for the wrongdoing of the servant in the operation of the car. In *American Fidelity & Casualty Co.* v. *Werfel,* 230 Ala. 552, 162 So. 103, the only question involved in the facts before the court ma-

terial to the situation before us, was whether punitive damages assessed on account of the defendant's wilful or wanton misconduct might be recovered under a policy similar to the one here in question, and the court held that they might be. The recovery sought in this action is not one based upon a judgment for punitive damages, but upon the imposition of a penalty.

There is error and the case is remanded with direction to sustain the demurrer to the complaint.

In this opinion the other judges concurred, except ELLS, J., who dissented.