The **AMERICAN SURETY COMPANY**,
Plaintiff,

v.

**Thomas RODEK, Mary Rodek, Nancy Walasiewicz, p.p.a. and Nancy Walasiewicz, Mother and next friend of said Minor, Defendants.**
Civ. No. 4576.

United States District Court,
D. Connecticut.

July 20, 1954.

Warren Maxwell, Hartford, Conn., for plaintiff.

Leo Gaffney, New Britain, Conn., for defendant Walasiewicz.

Joseph Cooney, Hartford, Conn., for defendants Rodek.

SMITH, Chief Judge.

This is an action by a liability insurer, against its insured and a claimant against the insured, seeking a declaration of non-coverage of the claim in question under the policy.

Plaintiff issued to defendants Rodek an owners landlords and tenants liability policy, agreeing to pay on behalf of the insured all sums the insured should become legally obligated to pay as damages because of bodily injury sustained by any person, caused by accident and arising out of the ownership, maintenance and use for restaurant purposes of the premises covered.

Suit was brought against the Rodeks in the state court by Nancy Walasiewicz, a defendant here, to recover bodily injuries claimed to have been suffered when attacked and raped by a companion after the companion had, while already intoxicated, been served intoxicating liquor during the term of the policy at the covered premises in the course of its operation as a restaurant, making the Rodeks liable, it was claimed, under the Connecticut Dram Shop Act.

The policy in suit in effect at the time of the sale and assault, June 5, 1953, made no specific reference to liability under the liquor laws. However, a few days prior thereto, on June 1, 1953, in writing a renewal policy for the next policy year to begin July 1, 1953, the plaintiff company attached a rider specifically excluding coverage of liability imposed under the liquor laws. It does not appear when the renewal policy was delivered to the assured. No such rider was attached then or at any other time to the policy in suit.

Plaintiff claims non-coverage on two grounds, (1) that the ordinary meaning of the terms used does not comprehend the type of liability asserted against the Rodeks, and that if the policy were to be construed to cover such a statutory liability it would be against the public policy of the state, which imposes the liability as a sanction against the liquor vendor himself to enforce his compliance with the regulatory statute, a sanction which would lose its force if insurance against its imposition were permitted, (2) that the liability of the insurer would be "products liability" not covered here. There is no Connecticut decision squarely in point on the question.

Other jurisdictions have arrived at opposite results on the public policy defense in somewhat analogous situations, depending on the court's view of the predominate legislative purpose in such acts, enforcement for public protection, or recompense to those injured by violation.

If the recovery is plainly that of a penalty Connecticut public policy would prohibit insurance against it, but if the principal purpose is compensation for injury suffered, no such prohibition would, it seems, be enforced. Tedesco v. Maryland Casualty Co., 127 Conn. 533, 18 A.2d 357, 132 A.L.R. 1259. In at least one state, Minnesota, insurance coverage of dram shop act liability is now specifically permitted by statute. Such insurance is not universally, therefore, considered against public policy.

Since the Connecticut act is phrased as "just damages to the person injured", it would appear to be primarily compensatory in purpose rather than penal. It may be noted that there is a separate criminal penalty imposed by other sections of the Liquor Act of fine or imprisonment or both for sale to an intoxicated person.

■ While the question is not entirely free from doubt, we conclude that the civil liability section of the Act, Section 4307, G.S.1949, is compensatory in nature and that there is no public policy of the State prohibiting insurance of the liability of a liquor seller thereunder.

That being so, the question is whether the parties intended to and did cover the liability in the policy in suit. As indicated by plaintiff at the top of page 7 of its brief, the language of the policy might well be construed to give coverage here, if legal, were it not for the

exception of products liability. The insuring agreement does appear broad enough to afford coverage, particularly in view of the fact that any ambiguity would have to be resolved against the company.

Perhaps some significance can be attached to the company's recognition, prior to the accident in suit, that the question of such a construction of the contract could arise, for it provided by the rider dated June 1, 1953, to be effective July 1, 1953, for the specific exclusion of liquor law coverage.

It apparently did not think the risk of sufficient importance to provide against in the 30-day period which the policy in suit still had to run.

It is possible that neither the plaintiff nor the assured actually considered at the time the policy was written whether dram shop act liability was covered.

Plaintiff might well have required some consideration of additional premium payments had that particular risk occurred to it. The contract it wrote, however, would lead the assured, if he read it, to believe that such liability was covered.

Under these circumstances we must conclude that the parties contracted for coverage which included liability under the liquor laws for acts on the covered premises resulting in "accident" within the meaning of the policy, which concededly includes assaults.

Plaintiff also makes the claim that the liability if it existed would come under the definition of "products liability" in the policy, a coverage not contracted for by this assured. This claimed liability, however, is not based on a defect in the products sold—liquor which contained wood alcohol, or a soda bottle which exploded or the like, but on the act of the defendant or some employee in making the sale at all in the conduct of the restaurant business on the premises, to a man already intoxicated. It does not come within the "products liability" definition, excluded from coverage.

Judgment may be entered for the defendants, dismissing the action.