[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in this case filed suit against the defendant insurer as a result of an automobile accident in which the first named plaintiff sustained injuries. The plaintiffs claim that they are entitled to underinsured motorist benefits as a result of a contract of insurance provided by the defendant. The prayer for relief requests "double or treble damages" and "punitive damages" against the defendant insurer pursuant to Conn. Gen. Stat.14-295:
 Double or treble damages for persons injured as a result of certain traffic violations. In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
The defendant has moved to strike the part of the prayer for relief which claims multiple damages on the grounds that multiple and punitive damages are not available against the insurance carrier in a contract action as opposed to in a negligence action against the tortfeasor.
Each party cites Superior Court cases precisely on point on both sides of the issue. The plaintiffs cite Minuto v. Aetna,4 CSCR 700 (1989), and Fisher v. Aetna, 5 Conn. L. Rptr. 480 (1992). The defendant relies upon Clamage v. Aetna, 1 Conn. L. Rptr. 529
(1990), McGowan v. Aetna, 4 Conn. L. Rptr. 149 (1991), and Gomes v. Safeco, 5 Conn. L. Rptr 131 (1991).
This issue has arisen before in much the same context in the case of Tedesco v. Maryland Casualty Co. 127 Conn. 533 (1941), which interpreted a predecessor statute, Sec. 1642 (Gen. Stats. CT Page 5182 1930 Rev.) which read
 Sec. 1642. Double or treble damages. Each person who shall, by neglecting to conform to any provision of sections 1639 and 1640, cause any injury to the person or property of another, shall be liable to the party injured in double or treble damages if, in the discretion of the court in which any action is pending, double or treble damages shall be just, with the costs of such action.
In Tedesco after recovering a judgment for double damages for personal injuries in an action against Lucy Veneziano and Pasquale Scalo (the owner and the driver of the offending automobile), Joseph Tedesco sued Ms. Veneziano's insurer for the additional damages. The insurer Maryland Casualty had paid the amount of damages awarded directly for the injury but had refused to pay the doubled amount arguing that to obligate it to do so was against public policy. The court agreed.
First the court traced the history and interpretation of the multiple damage provision from the year 1797, see "An Act to Regulate Stage and other Carriage Divers", and held that multiple damages provisions are meant as a penalty against the defendant and a reward to the individual who secures the "punishment" of one who committed the defined offense. The court held that despite language in the insurance policy by which the insurer undertook to pay "all sums which the insured shall become obligated to pay by reason of liability imposed upon him by law for damages . . . because of bodily injury," it was against public policy to require an insurer to pay a sum which in no way represented losses suffered by the plaintiff but rather was imposed as a penalty because of a public wrong. Id. at 537.
It is useful to note, however, that the court does not refuse to enforce Maryland Casualty's contract; rather the court opts to construe the relevant provision of the contract in such a way as to avoid a clash between the insurance policy and the public policy. "If the language . . . is reasonably open to two constructions, one of which would avoid such a result, that should be adopted. Id. at 537. Thus, the court held that the contract's language, "liability imposed . . . because of bodily injury," did not obligate the insurer to pay the additional sum. CT Page 5183
The statute of 1930 was reworded and recodified in 1949 as Sec. 2492:
 Each person who, by neglecting to conform to any provision of . . . [certain enumerated statutes] . . . causes injury to the person or property of another, shall be liable to the party injured in double or treble damages . . . .
It was this language in Conn. Gen. Stat. 14-295 (1977 Rev.) that was at issue in Gionfriddo v. Avis Rent A Car System, Inc.,192 Conn. 280 (1984). The offending driver was found liable for treble damages, as was the rental car company who had leased the car to him. Claiming that Tedesco v. Maryland Casualty Co., supra, stood for the principle that it is against public policy to assign liability for multiple damages vicariously, the company appealed. The Supreme Court distinguished the construction of language in an insurance contract from the construction of statutory language and intent embodied in Conn. Gen. Stat. 14-154a, which specifically assigned liability to the lessor of an automobile "for any damage . . . to the same extent as the operator would have been liable if he had also been the owner." This legislative expression of public policy "necessarily displaces and overrides common law presumptions about the relationship between insurer and insured . . .", the court stated. Gionfriddo, supra at 288. Gionfriddo, by itself, does not inform the instant case.
Avis, the losing party in Gionfriddo, sued its insurer, however, claiming that the insurance contract allowed recovery from the insurer for the multiple damages paid out by Avis. Avis Rent A Car System, Inc. v. Liberty Mutual Ins. Co. 203 Conn. 667
(1987). The insurer attempted to rely on Tedesco, supra, that imposing liability on an insurer for multiple damages penalties assessed against the insured would violate public policy. The court rejected this broad interpretation of its earlier decision. Rather it pointed out that Tedesco turned on the violation of public policy of allowing the offending driver to recover damages assessed against him which were penal in nature from his insurer. Id. at 674 citing Gionfriddo supra at 286.
The statute, Conn. Gen. Stat. 14-295, has been amended somewhat since its last analysis by the Supreme Court in Avis Rent A Car System, Inc. v. Liberty Mutual Ins. Co., supra. The question arises, then of what the effect is of subsequent statutory changes. CT Page 5184
First, as a result of the Avis v. Liberty Mutual decision, the legislature looked at the issue of vicarious liability and chose to act narrowly, amending the statute only to exclude licensed car leasing businesses from liability for multiple damages. Public Act 85-122. Then in 1988, the Supreme Court ruled in Bishop v. Kelly, 206 Conn. 608 (1988) that the statute violated the defendant's right to a trial by jury under the state constitution in that it allowed the judge, rather than the jury to decide whether multiple damages should be awarded.
The legislature promptly addressed the issue withPublic Act 88-229 which rewrote the statute in conformity with the dictates of Bishop v. Kelly, supra. In fact, it is evident from the legislative history that the only purpose of the amendment was to correct the constitutional problem. See House of Rep. Proceedings, page 3684, April 20, 1988, remarks of Rep. Tulisano. While there was some substitution of other nouns for the words "plaintiff" and "defendant", see id. pp. 3683-84, the general policy of the earlier statute was not intended to change. Debate in the House of Representatives on an offered amendment makes it clear that the legislature assumed that persons could contract with insurers to cover multiple damage awards. See Remarks by Rep. Farr and Rep. Levin, House of Rep. Proceedings, pages 3693-3694, April 20, 1988. The holding in Avis v. Liberty Mutual that public policy does not prohibit one other than the offending driver from insuring for exemplary or punitive damages was not disturbed by subsequent legislation. Neither, though, was the holding in Tedesco that a contract of insurance will be narrowly construed to avoid a result that relieves the offending driver from personal responsibility to pay court-awarded punitive damages.
This analysis brings us to the instant case in which the plaintiff has sued only her own insurer and not the offending driver.
The defendant General Accident Insurance Company of America is alleged to be the insurer of the plaintiffs who were injured when their car was rear-ended by a car driven by Patrick O'Connell, who is not a plaintiff or defendant in this action. Patrick O'Connell is alleged to be the offending driver. In ruling on a motion to strike, the court should construe those facts alleged in the complaint in a manner most favorable to the pleader. Amodio v. Cunningham, 182 Conn. 80, 82 (1980). Unfortunately the facts plead concerning the coverage of the insurance CT Page 5185 contract consist solely of the policy limits in paragraph 2 and the conclusory allegation in paragraph 14 that "the injuries and losses . . . are the legal responsibility of the defendant General Accident Insurance Company of America pursuant to the terms of its contract of insurance . . . ."
These are merely legal conclusions which the court is not bound to accept or construe in the pleader's favor. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). It may be that the language of the insurance contract is sufficiently specific to withstand the narrow construction dictated by the public policy against imposing vicarious liability for multiple damages, but, if so, it must be specifically plead.
The motion to strike is granted.
PATTY JENKINS PITTMAN, J.