[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 11, 1996
The plaintiff Ellon Vilardo, wife of the plaintiff David Vilardo, joins in this action, seeking in the fourteenth and fifteenth count, double or treble damages for loss of consortium under the provisions of General Statutes § 14-295. The defendants move to strike these counts, claiming that the provisions of General Statutes § 14-295 are not applicable to claim for loss of spousal consortium. There is a division of CT Page 5133 authority amongst Superior Court decisions concerning this issue.
The nature of the award available under General Statutes § 14-295, and its predecessor statutes, dating back to the year 1797, is clearly set forth in the case of Tedesco v.Maryland Casualty Co., 127 Conn. 533 (1941).
 In essence the additional award represents a sum the payment of which is imposed upon an offending driver as punishment for a violation of the statute which has aspects of a wrong to the public rather than to the individual.
Tedesco v. Maryland Casualty Co., supra, p. 537.
The Tedesco court distinguishes between compensatory "punitive damages," allowing the recovery of attorneys fees and costs of suit, compared to statutes of the nature of General Statutes § 14-295, which merely multiply damages without regard to the actual expenses of litigation. The court, in discussing the first-mentioned type of "punitive damages," compensatory punitive damages, distinguishes those types of damages from mere multiplication of damages provided by General Statutes § 14-295.
 Under our law the purpose of awarding so-called punitive damages is `not to punish the defendant for his offense but to compensate the plaintiff for his injuries,' and they cannot exceed the amount of the plaintiff's expenses and cost of litigation less taxable costs.
Tedesco v. Maryland Casualty Co., supra, p. 537.
Where the provisions of a statute go beyond the purposes of compensation for injuries sustained and impose an obligation "to pay a sum of money in no way representing injuries or losses suffered by the plaintiff but imposed as a penalty because of a public wrong" the statute must be construed as being punitive in nature. Tedesco v. Maryland Casualty Co., supra, p. 537. Even if a statute may be construed as being not strictly penal, yet "while not strictly penal, it was so far of that nature that it should be construed with reasonable strictness." Tedesco v.Maryland Casualty Co., supra. p. 537. See also Bodner v. UnitedStates Automobile Association, 222 Conn. 480, 499, 500 (1992). CT Page 5134 See also Caufield v. Amica Mutual Ins. Co., 31 Conn. App. 781, 787
(1993), footnote 4.
The plaintiff contends that the Supreme Court, in Izzo v.Colonial Penn Ins. Co., 203 Conn. 305, at page 313, states "a claim for loss of consortium, although a `personal injury' is not a `bodily injury' to the claimant" and that therefore the Supreme Court would determine that because General Statutes § 14-295
allows double or treble damages "resulting from personal injury," this statute, C.G.S. § 14-295, would by implication apply to consortium claims. However that case did not deal with the question of punitive damages. It merely held that because the term "bodily injury" as used in the insurance policy provides insurance coverage for consortium claims then the amount of applicable coverage is the "per person coverage" limit for the combined total of the damages of both the injured party and the spouses consortium damages. rather than the per occurrence amount which would have treated each claimant as being a separate person for the more expansive "per person" coverage amount.
General Statutes § 14-295, being penal in nature must be strictly construed. The statute makes no mention of claims for loss of consortium.
There is no legislative history proffered to this court to conclude that the legislature has at any time determined that the punitive remedy of General Statutes § 14-295, as heretofore solely applied to the claims of the specifically injured person, or to damage to property of a person, is in any fashion inadequate to fully accomplish its punitive purposes. This statute must be strictly construed and cannot be enlarged by judicial interpretation to be made applicable to loss of consortium claims.
This court further notes that had the General Assembly intended to make General Statutes § 14-295 applicable to consortium claims it would have been required to, and would have made the statute specifically applicable to postmortem consortium claims, so as to preclude the paradox existing by virtue of the Supreme Court decision in Todd v. Douglas Trucking Co., 203 Conn. 187,195 (1957), and rectified by the General Assembly by Public Act 89-148. General Statutes §§ 52-555a, 52-555b and 52-555c
which created a cause of action for postmortem loss of consortium. CT Page 5135
Finally, an addition of C.G.S. § 14-295 multiple damages to consortium claims cannot be justified on a theory of preserving penal sanctions for wrong doing in the event of settlement of the specific injury claim. for the consortium claim abates upon the settlement of the physical injury claim. SeeHopson v. St. Mary's Hospital, 176 Conn. 485, 496 (1979).
The motion to strike count fourteen and count fifteen is granted.