[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT
This is a wrongful death action arising out of claims that the defendant's decedent, owner of a building on Capitol Avenue in Hartford, and the defendants individually, failed to have a functioning smoke alarm system, and further negligently performed repairs and maintenance to the electrical system so as to leave a dangerous condition in the electrical circuits, thereby causing a fire.
The fourth count alleges "Recklessness and Gross Negligence" and hence seeks "Punitive or exemplary damages". The fifth count claims that the conduct alleged is a violation of General Statutes 42-110g(a) et seq., CUTPA, and CT Page 9207 specifically claims punitive damages and an award of attorneys fees and costs.
The fourth count, which seeks punitive damages for claims of having "acted wantonly, recklessly and grossly negligent", is, with the possible exception of the term "grossly negligent", is asserted in accord with the common law of the state.
We have consistently stated that `in order to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others in an intentional and wanton violation of those rights'".
Barry v. Laidlaw, 223 Conn. 786, 811 (1992)
The fifth count, CUTPA, a statutory cause of action, provides, in General Statutes Sec. 42-110g(a), that "The Court may, in its discretion, award punitive damages . . . "Section42-110g(d) provides that" . . . the court may award, to the plaintiff, in addition to the relief provided in the section, costs and reasonable attorneys fees based on the work reasonably performed by an attorney and not in the amount of recovery".
The defendant moves for summary judgment on both the fourth and the fifth count of the complaint.
 I
As to both the fourth and fifth counts of the complaint the defendant claims that the causes of action set forth therein, seeking "punitive damages" are precluded by the wrongful death statute.
General Statutes 52-555, is captioned "Actions for injuries resulting in death." This statute, commonly referred to as the wrongful death statute, gives to a decedent, through the decedent's executor, a cause of action for the loss of life of the decedent.
The Supreme Court has determined that "punitive damages" are allowable to the decedent under General Statutes 52-555.
"This case furnishes our first opportunity to CT Page 9208 determine whether treble damages imposed under § 14-295 are recoverable under the wrongful death statute, § 52-555."
 Gionfriddo v. Avis Rent a Car System, Inc., 192 Conn. 280, 291 (1984)
 "We therefore conclude that the proper interpretation of our wrongful death statute permits recovery as `just damages' of treble damages which the decedent might have recovered had she survived."
 Gionfriddo v. Avis Rent A Car System, Inc., supra, p. 280.
It is also noted that the Supreme Court also recognizes the award of common law punitive damages, referred to as exemplary damages, without further comment, in the Gionfriddo case, supra.
"On the second count, seeking exemplary damages, the jury awarded him $124,977, an amount calculated as one third of the compensatory damages."
Gionfriddo v. Avis Rent A Car System, Inc., supra, P. 283.
This court therefore determines that the fourth count of the complaint, claiming common law punitive or exemplary damages arising out of this common law claim of wanton or reckless conduct properly states a viable cause of action seeking such damages. Hence the motion for summary judgment as pertains to the fourth count of the complaint is denied.
 II
The defendant moves for summary judgment on the CUTPA count, the fifth count of the complaint for three specific reasons, which the court determines individually and not necessarily in their order of presentation in the brief.
 A.
The second reason set forth in the brief, to wit a general assertion that (2) "punitive damages and attorneys CT Page 9209 fees sought in the CUTPA claim are not recoverable in a wrongful death action" has been determined by this court in Section I of this decision. In general, punitive damages are allowed on behalf of a decedent in wrongful death actions brought under the provisions of General Statutes 52-555.Gionfriddo v. Avia Rent A Car System, Inc., supra. Otherwise stated General Statutes 52-555 does not in and of itself preclude awards of punitive damages.
 B.
The first reason set forth in the brief, to wit an assertion that "(1) inasmuch as CUTPA is a quasi-penal statute, a CUTPA claim cannot survive the death of the claimant" requires an analysis of the type and nature of the additional damages allowable under CUTPA, General Statutes 42-110g(a).
It is noted that the circumstances of this case present an unusual factual circumstance for, as well as being a wrongful death action under General Statute 52-555 the defendants Walter Zapert and Harriet Barnes are alleged to be the Joint Administrators of the Estate of Theodore M. Zapert who it is alleged died on September 9, 1994. The complaint alleges negligence on the part of the decedent Theodore Zapert, who allegedly was the owner of the building until his death on September 9, 1994. The complaint alleges that on October 6, 1994, subsequent to Theodore's death the fire took place which caused the death of the plaintiff's decedent. It is assumed that the additional defendants are claimed to have been acting in their capacity as custodians of the real estate, as administrators, pending final distribution of the real estate through probate; or alternatively as the distributees of the real estate. All counts are brought against all defendants.
To the extent that the fifth count is against living persons, in their capacity as custodians of the real estate, or as distributees, the claim for common law punitive damages will lie.
As concerns the claims against the decedent brought against Walter Zapert and Harriet Barnes in their representative capacity as administrators of the estate of Theodore Zapert, deceased, the defendants plead that the provisions of General Statute 52-599 would preclude this CT Page 9210 action, because the defendant administrators claim that CUTPA is a penal statute.
General Statute 52-599, the "Survival of cause of action" statute provides that survival shall not apply to "any civil action upon a penal statute." The defendant claims that CUTPA, General Statute 42-110a through 42-110q is a statute which is Penal and therefore a cause of action thereunder would not, as against the decedent Theodore Zapert, survive his death.
The defendant's reliance on State v. Leary, 217 Conn. 404
(1991) to support this proposition is misguided. First, that action was brought by the State of Connecticut as against the defendant, seeking an injunction against the defendant seeking to restrain ticket scalping. Although the Supreme Court appears to recognize, at least arguendo, that if certain provisions of the CUTPA statute are to be determined to be penal in actions brought by the state, due process may be implicated. However the Supreme Court declined to determine the question of whether the statute is "sufficiently definite to enable a person to know what conduct he must avoid". Statev. Leary, supra, p. 416. The court declines to determine that claim because of insufficiency of the record.
An analysis of General Statute 42-110a through 42-110q is appropriate under the circumstances of this motion. Most of the enforcement provisions of the statute gives to the commissioner of Consumer Protection the power to enforce the provisions of the statute. General Statutes 42-110 (O) allows the attorney general, in the name of the State to seek from the court a civil penalty "of not more than twenty five thousand dollars per violation" for the violation of a court order or injunction which the Commissioner has obtained under the provisions of General Statute 42-110d and 42-110 m, which statutes delineate the Commissioner's enforcement powers. Hence it may well be argued that the imposition of a "forfeiture and pay to the state a civil penalty", which has an particular relationship to the concept of compensation for damages incurred by anyone, is in essence a fine and hence is essentially penal in nature.
General Statutes 42-110g, the statute under which the fifth count is brought, gives to a private citizen the right to bring a direct civil action to the superior court, seeking CT Page 9211damages for the committing of an Unfair Trade Practice, as defined by General Statutes 42-110b (a). Actions brought under this statute, 42-110g, do not allow for the imposition of "civil penalties of twenty five thousand dollars", or any other arbitrary amount such as to equate to a fine. It is well settled that the mere violation of a statute, the effect of which, by statute, is to grant to the person harmed thereby the right to compensation, is not to be considered a penal statute.
"The object of the statute was not to punish towns for misconduct, but to furnish a remedy to a party injured through a defect in the highway which it is made the duty of the town to keep in repair. And the whole object of the statute was to furnish a means whereby the party injured might obtain compensation for any injury he might receive, without fault on his part, by reason of any defect in the highway.
Porpora v. New Haven, 122 Conn. 80, 96 (1936).
Further, this court must presume that the legislature, in enacting General Statutes 42-110b (d) which states "It is the intention of the legislature that this chapter be remedial and be so construed" was aware of its earlier enacted and then continuing provision of General Statutes 52-599 (c)(3) which excludes from past post mortem continuation "any civil action upon a penal statute." The proposition that certain remedies sought by the commissioner may arguendo be considered penal does not cause private action to be considered to be penal.
The defendant further argues that the allowing of "punitive damages and attorneys fees" under the provision of 42-110 g, the private cause of action under CUTPA, causes the action to be "a civil action on a penal statute." This misapprehension is understandable, as both common law exemplary damages and statutory double or triple damages are after often given the same general title of "punitive damages".
The case of Tischler v. Maryland Casualty Co., 127 Conn. 533
(1941) articulates the clear distinction between these two types of damages.
 "Under our law the purpose of awarding so-called punitive damages is `not to punish the defendant CT Page 9212 for his offense but to compensate the plaintiff for his injuries', and they cannot exceed the amount of the plaintiff's expense of litigation less taxable costs.
 Tedesco, supra, p. 538. Emphasis added) ". . . the triple damages thus allowed by the statute `are given to the injured party, not as compensation for the injury done him but as a punishment of the defendant for an offense committed against the state . . . the statutory damage is given to the plaintiff as a reward for convicting the defendant of the statutory offense."
 Tedesco, supra, p. 536. (Emphasis added) Common law "punitive damages", better described as exemplary damages, by requiring the payment of actual costs and attorneys fees, leaves to the injured party the full payment and full use of his compensatory damages award no more and no less, undiminished by having to pay costs and attorneys fees from the award. This is precisely what is accomplished by the "punitive damage" provision of General Statute 42-110g. There is no multiplying of damages nor any add-on for arbitrary civil penalties or fines or the like.
 "The trial court granted the plaintiffs the relief requested in the first count under CUTPA, pursuant to General Statutes § 42-110g(a), namely actual damages plus costs and attorneys fees."
 Catucci v. Ouellette, 25 Conn. App. 56, 58 (1991)
This court determines that private actions under General Statutes 42-110g of CUTPA are not in fact civil actions on apenal statute such as to exclude such actions from the Survival of cause of action statute, General Statute 52-577.
 III
The defendant contends that to successfully assert a CUTPA claim for damages for activity prohibited by General Statutes 42-110b(a) the plaintiff must prove more than a single act.
A careful reading of the body of statutes comprising CT Page 9213 chapter 735a UNFAIR TRADE PRACTICES, General Statutes 42-110a
through 42-110q reveals that none of the statutes comprising CUTPA contain such a provision, limitation, or restriction.
In contrast to the absence of such a provision in CUTPA one section of Connecticut's Unfair Insurance Practice Act, CUIPA, General Statutes 38a-815 through 38a-831 does contain such a requirement, set forth in clear and direct verbiage.
General Statutes 38a-816 (6) "(6) Unfair claim settlement practices. Committing or performing with such frequency as to indicate a general business practice any of the following: . . ." Had the legislature intended that CUTPA require more than a single act this court can discern no reason whatsoever why the legislature would not have so stated, as it did in that section of CUTPA, 38a-816 (6) which deals with Unfair Claim settlement practices.
The defendant cites Mead v. Burns, 199 Conn. 651, 656
(1986) for the proposition that the Supreme Court inferentially stated that CUTPA required more than proof of an isolated instance of unfair practice. The defendant misreads the case. All that the case holds is that, since a specific act may be both a violation of CUTPA and also a violation of CUIPA, if the claimed violation consists of an unfair claims settlement practice, CUIPA 38a-816(6), the court will not override the requirements of that section of CUIPA, requiring proof of a general course of conduct when that same claim is made under CUTPA. This court draws the reverse of the conclusion asserted by the defendant, for if the court wished to interpret CUTPA as inherently requiring more than a single event in circumstances other than the asserting of claims which mirror Unfair Claims Settlement practices under CUIPA, such an approach would not have required the type of elaboration set forth by the court in Mead v. Burns, supra. Similarly, the Appellate Court in Quimby v. Kimberly ClarkCorporation, 28 Conn. App. 660 (1992) fails to adopt a frequency requirement for each and both CUIPA and CUTPA. In dealing with requirements of CUTPA and CUIPA, the Appellate Court applies the frequency requirement soley to the Unfair Claim Settlement practices of CUIPA, formerly General Statutes § 38-61(6), now General Statutes 38a-816(6).
"In order to allege properly a CUIPA violation, the CT Page 9214 plaintiff must allege, inter alia, that the defendant engaged in the allegedly wrongful conduct with such frequency as to indicate a general business practice'".
Quimby v. Kimberly Clark Corporation, supra, p. 669.
In this case, Quimby, supra, as well as Mead v. Burns,
supra, the appeals courts are directly applying the provisions of each of the statutes as written in determining the interrelationship between CUIPA and CUTPA when dealing with an unfair insurance settlement practice. The Appeals Courts do not read into a claim that does not involve insurance settlement, a "frequency" requirement which is not contained in the CUTPA statute.
Lastly, the plaintiff further defends against the defendant's proposition of a requirement of multiple acts by the plaintiff asserting that there were in fact multiple acts. Plaintiff claims that the defendants failed to have a functioning smoke detection alarm system and also that they negligently performed maintenance and repair work in the electrical system so as to cause the fire to occur.
If CUTPA did require acts "with such frequency as to indicate a general business practice "it would nevertheless be a question of fact as to whether two allegedly prohibited activities would satisfy a "frequency" requirement. Such a question of fact would preclude summary judgment.
For the reasons set forth herein the motion of the defendants for Summary Judgment is denied.
L. Paul Sullivan, J.