[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE OF DEFENDANTQUALITY INNS INTERNATIONAL, INC.
The defendant Quality Inns International moves to strike the sixth and the seventh counts of the Second Revised Substituted Third Amended Complaint of the plaintiff.
The sixth count of the complaint alleges, in essence, that this defendant, as franchisor, granted to the franchisee, The Inn at Manchester, Inc., a franchise to operate the hotel under the name Clarion Suites Inn. It is further alleged that this defendant reserved to itself certain prerogatives, including the right to approve or disapprove site plans for the construction of the hotel. It is further alleged that this defendant permitted the Inn to commence operations when it had not approved the site plans. It is alleged that the activity of this defendant constituted negligence, as the motel was deficient with respect to the safety of the hotel entrance.
In summary, it is contended that the plaintiff's decedent, as a result of the dangerous and defective conditions of the driveway entrance into the hotel, sustained injuries resulting in her death
The defendant claims, as to this count, that the plaintiff has failed to allege the breach of a duty, as there existed no CT Page 8873 duty running from the defendant to the plaintiff.
The focal issue of this question is whether this defendant did or did not exercise such a degree of control over the premises, through the franchise agreement with the defendant the Inn at Manchester, Inc., so as to exercise legal control over the construction of the driveway entrance. The plaintiff alleges such a degree of control over this construction, and the ability to withhold franchise granting in the event of failure to comply, so as to arguably set forth a cause of action against this defendant. As to whether the plaintiff will prevail on this claim is problematical. Suffice it to state that the complaint set forth a colorable claim of a duty owed to the plaintiff. Hence the motion to strike the sixth court of the complaint cannot be granted, and is denied.
This defendant moves to strike the seventh count of the complaint, Connecticut Unfair Trade Practices Act, CUTPA. The grounds thereof are three fold. First, that the plaintiff fails to allege that the decedent was a consumer engaged in trade or commerce with the defendant at the time of her injury. However, the plaintiff alleges in the complaint that she was entering the driveway for the purposes of reserving rooms and making arrangements for guests attending her upcoming wedding. It is difficult to envision a business activity more closely related to the business of a motel than is the activity of reserving rooms for occupancy. Hence the plaintiff has in fact alleged an activity directly related to the business of operating a motel.
The second reason for the motion to strike this count is that there is no ascertainable loss of money or property. This court is in agreement with the well reasoned decision of Judge Silbert,Abbie v. AMJ 1977 Super LEXIS 1523, June 2, 1997, that damages for loss of life, wrongful death, constitute an ascertainable loss.
Third, the defendant contends that the plaintiff has failed to allege any facts constituting unfair or deceptive practices by the defendant. However, the allegation of this defendant permitting persons to be invited to the hotel when it knew that the entrance was unsafe is sufficient to transcend the concept of mere inadvertence or simple negligence.
Lastly, the defendant contends that CUTPA is a penal statute and a cause of action thereunder does not survive pursuant to CT Page 8874 General Statutes § 52-599. This proposition has been addressed by this court in the case of Engram v. Zagert, Superior Court J.D. Hartford, 11/6/96, CV 96-0556873, LEXIS 2955. CUTPA, providing common law "punitive", i.e. exemplary damages is compensatory in nature and is not "punitive", i.e. for punishment, as such. See Tedesco v. Maryland Casualty Co.,127 Conn. 533, 538 (1941) for the distinction between compensatory "punitive" damages and damages to "punish."
For the reasons set forth herein, the motion to strike is denied.
L. Paul Sullivan