[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff brings this action in two counts. The first count alleges negligence as against the operator, the defendant Caroline Flint and vicarious liability against the owner of the vehicle, the defendant Rita Braham. The second count alleges recklessness against the defendant operator Caroline Flint and vicariously against the owner Rita Braham.
The defendants move to strike the second count, claiming that the plaintiff has not set forth sufficient facts to set forth a claim of recklessness to support the plaintiff's claim for double or treble damages under General Statutes § 14-295.
The second count alleges that the defendant operator recklessly violated General Statutes § 14-218a, "traveling unreasonably fast". This is one of the statutes the reckless violation of which gives rise to a cause of action under General Statutes § 14-295. The defendant appears to claim that the pleading must contain an allegation of additional erratic behavior to properly allege recklessness.
"Recklessness is a state of consciousness with reference to the consequences of one's acts. It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct." Dubay v. Irish,207 Conn. 518, 532 (1988). (emphasis added).
The state of mind of recklessness is a fact to be proven from evidence. Although that state If mind may be inferred from conduct, yet it need not necessarily be manifested by specific outward conduct. Often a state of mind is known only to the actor and may only be determined from the testimony or declarations of the actor himself The plaintiff having pleaded the fact of recklessness is not required to plead the particular evidence to form the basis for proof thereof. Practice Book § 10-1.
It is of course necessary to identify the particular physical CT Page 12894 transgression which is claimed to be the product of recklessness. The plaintiff has identified that physical conduct as speeding, General Statutes § 14-218a. The motion to strike the second count as pertains to the operator Caroline Flint is denied.
The defendant moves to strike the second count as pertains to the defendant owner Rita M. Braham on the basis that punitive damages may not be imposed upon a person whose liability is purely vicarious.
It has been the law in this state for one hundred years that punitive damages cannot be imposed upon a person whose liability is purely vicarious. Maisenberger v. Society Concordia,71 Conn. 369, 379 (1899). See also Tedesco v. Maryland Casualty Co.,127 Conn. 533 (1941). An exception to this rule may apply where a statute specifically imposes upon the vicarious party "the same liability as that of the operator." Gionfriddo v. Avis Rent A CarSystem, 192 Conn. 280, 284 (1984). This is not the circumstance herein, as the liability claimed by the plaintiff is by virtue of common law agency.
The motion to strike the second count as pertains to the defendant owner Rita Braham is granted.
Hon. L. Paul Sullivan, J.