[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants move to strike the second count of the complaint, which count claims, as against both the defendant operator and the defendant owner, double or treble damages pursuant to General Statutes § 14-295. The second count claims that the defendant/operator Dana Marron deliberately and/or with reckless disregard violated General Statutes § 14-240a (reasonable distance apart), § 14-218a (traveling unreasonably fast) and § 14-222 (reckless driving), and hence claims statutory double or treble damages.
The defendants move to strike on two grounds. The first ground is that the plaintiff has not alleged sufficient facts to support a claim of "deliberate or reckless disregard." The court assumes that the defendants are claiming that the plaintiff must allege additional erratic outward behavior to support a claim that the identified statutes were violated recklessly. This line of reasoning however overlooks the fact that recklessness is a state of mind. "Recklessness is a state of consciousness with reference to the consequences of one's acts. It is more than negligence, more than gross negligence. The state of mind
amounting to recklessness may be inferred from conduct." Dubay v.Irish, 207 Conn. 518, 532 (1988) (emphasis added.) "Recklessness is a state of consciousness with reference to the consequences of one's acts." Dubay, supra p. 532.
The state of mind of recklessness is a fact to be proven from evidence. Although that state of mind may be inferred from conduct, yet it need not necessarily be manifested by specific outward bizarre conduct. Often a state of mind is known only to the actor and may only be determined from the testimony or declarations of the actor himself. The plaintiff having pleaded the fact of recklessness is not required to plead the particular CT Page 14054 evidence to form the basis for the proof thereof. Practice Book § 10-1.
The plaintiff has identified the particular physical transgressions which are claimed to be the product of recklessness, by identifying speeding and failure to keep a reasonable distance apart. As to the claim of reckless driving by
reckless driving (CGS § 14-222) that discloses nothing to the defendants, and should be the subject of a request to revise, particularly bearing in mind that CGS § 14-222 lists various physical transgressions which may constitute a violation of the statute.
The motion to strike the second count on the basis of failure to set forth adequate facts is denied.
As to the claim against the owner Dennis J. Marron for punitive damages the law is clear on this subject. It has been the law in this state for one hundred years that punitive damages cannot be imposed upon a person whose liability is purely vicarious. Maisenberger v. Society Concerdia, 71 Conn. 369, 379
(1899). See also Tedesco v. Maryland Casualty Co., 127 Conn. 533
(1941). An exception to this rule may apply where a statute specifically imposes upon the vicarious party "the same liability as that of the operator." Gionfreddo v. Avis Rent A Car System,192 Conn. 280, 284 (1984). This is not the circumstances herein, as the liability claimed is by virtue of what appears to be common law agency.
The motion to strike the second count as pertains to the defendant Dennis J. Marron is granted.
L. Paul Sullivan, J.