[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE (#101, #104)
 FACTS
The plaintiff, James Laudette, filed a two-count complaint on October 27, 1999, seeking underinsured motorist benefits from the defendants, Peerless Insurance Company and Metropolitan Property Casualty Insurance Company.
In the first count of the complaint, the plaintiff alleges the following facts. The plaintiff suffered serious injuries when he was run over by a motor vehicle backing out of a parking area. The driver was negligent in the operation of the motor vehicle and the driver's insurance company paid the plaintiff $50,000.00, which was the full amount of liability insurance available under the driver's policy. The plaintiff was insured under the underinsured motorist provisions of insurance policies issued to the plaintiff's father and/or the father's business by the two defendants. The defendants have refused to pay any benefits to the plaintiff despite the plaintiff's requests.
In count two, the plaintiff alleges that the driver operated her CT Page 7986 vehicle with deliberate or reckless disregard in violation of General Statutes § 14-218a and/or § 14-222. The plaintiff further alleges that the driver's deliberate or reckless disregard was a substantial factor in causing the plaintiff's injuries. In the second and third paragraphs of the prayer for relief, the plaintiff seeks "Punitive damages" and "Double or treble damages pursuant to Connecticut General Statutes Section 14-295," respectively.
The defendants, Peerless Insurance Company and Metropolitan Property 
Casualty Insurance Company, filed substantially identical motions to strike on December 6, 1999 and December 10, 1999, respectively. The defendants seek to have the second count of the plaintiff's complaint and paragraphs two and three of the prayer for relief stricken on the ground that "punitive damages are not permitted under the policy under which the plaintiff asserts his claim and are also not permitted under Connecticut law." Pursuant to Practice Book § 10-42, the defendants have each submitted a memorandum of law in support of their respective motions, and the plaintiff has submitted a memorandum in opposition.
 DISCUSSION
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors. Inc. v.Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
The plaintiff's prayer for relief indicates that he is seeking both common law punitive damages and statutory multiple damages pursuant to General Statutes § 14-295.[1] The defendants' arguments in support of their motions to strike are twofold. They first argue that the insurance policies on which the plaintiff's claims are based contain provisions specifically excluding statutory and common law multiple damages. The court, however, may not consider this argument because the court may not look to facts outside the complaint. "In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be CT Page 7987 those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). Because the insurance policy provisions on which the defendants rely are not included in the complaint, the language of those provisions may not be considered in connection with this motion to strike.
The defendants also contend that even if the policies in the present case did not include provisions excluding payment of punitive and statutory damages, such damages are not recoverable from underinsured motorist coverage in Connecticut as a matter of law.
In considering the defendants' claim that underinsured motorist coverage does not include common law punitive damages or statutory damages, under C.G.S. § 14-295, a distinction must be made between those two categories of damages. "Under Connecticut common law, the terms "exemplary damages' and "punitive damages' are interchangeable labels for damages awarded under certain circumstances to compensate a plaintiff for his expenses of litigation. . . . It is well settled, however, that statutory multiple damages awarded pursuant to § 14-295, while serving a similar punitive purpose . . . are separate and distinct from common law punitive damages and are awarded in addition thereto in appropriate cases." (Citations omitted.) Caulfield v. Amica Mutual Ins.Co., 31 Conn. App. 781, 786 n. 3, 627 A.2d 466, cert. denied, 227 Conn. 913,632 A.2d 688 (1993).
Our Supreme Court has ruled that common law punitive damages are not recoverable under uninsured motorist coverage in Bodner v. UnitedServices Automobile Assn., 222 Conn. 480, 610 A.2d 1212 (1992). In making this determination, the court relied on the earlier case of Tedesco v.Maryland Casualty Co., 127 Conn. 533, 18 A.2d 357 (1941), in which it was held that "a tortfeasor may not protect himself from liability by seeking indemnity from his insurer for damages, punitive in nature, that were imposed on him for his own intentional or reckless wrongdoing." Bodnerv. United Services Automobile Assn., supra, 222 Conn. 497-98. "The public policy established by the uninsured motorist statute is that every insured is entitled to recover for the damages he or she would have beenable to recover if the uninsured motorist had maintained a policy ofliability insurance. . . . Tedesco makes clear that had . . . the uninsured motorist, maintained his own policy of liability insurance in this case, [the plaintiff] would not have been able to recover punitive damages from [the uninsured motorist's] insurer. [A]llowing a recovery of punitive damages under uninsured motorist coverage would, in effect, place the insured in a better position than would exist if the tortfeasor had been insured. . . . Further, [the I insurer] has no relationship CT Page 7988 whatsoever, direct or indirect, to the tortfeasor nor to the conduct underlying the claim for punitive damages, and cannot allocate even a portion of the risk of punitive damages to the tortfeasor by increasing the tortfeasor's insurance rates." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 499.
In Caulfield v. Amica Mutual Ins. Co., supra, 31 Conn. App. 781, the Appellate Court determined that, like common law punitive damages, multiple damages under General Statutes § 14-295 may not be recovered under an uninsured motorist policy. After analyzing the Bodner decision, the court concluded that "there is no principled way to distinguishBodner from the present case without wholly ignoring the reasoning articulated therein by our Supreme Court." Id., 788. In fact, the Appellate Court concluded that the reasoning of the Bodner court might have even greater relevance to a claim of statutory multiple damages: "The nature of both the common law punitive damages at issue in Bodner
and the statutory multiple damages at issue in this case is that they are imposed to punish the wrongdoer. . . . Statutory multiple damages, however, are imposed for the sole purpose of punishment of one who has committed a public wrong . . . while common law punitive damages, which in Connecticut are limited to the plaintiff's attorney's fees and nontaxable costs . . . serve a function that is both compensatory and punitive." (Citations omitted; internal quotation marks omitted.)Caulfield v. Amica Mutual Ins. Co., supra, 31 Conn. App. p. 787 n. 4.
As indicated above, the motion to strike on this ground may be granted only if it does not require the court to rely on facts outside the pleadings. It is clear that the respective rulings of the Supreme Court and the Appellate Court in Caulfield did not revolve around the specific language of the insurance policies in question. In Bodner, the court first determined that the policy language was in fact broad enough to encompass punitive damages. Bodner v. United Services Automobile Assn., supra, 222 Conn. 494-97. Nevertheless, the court then went on to hold that recovery of such damages should not be permitted as a matter of public policy. The Caulfield court understood this when it extended theBodner holding to encompass statutory multiple damages. The Appellate Court stated in Caulfield that "[n]otwithstanding policy language that would permit coverage of common law damages, the Bodner court concluded that public policy considerations precluded such coverage in the context of uninsured motorist coverage." Caulfield v. Amica Mutual Ins. Co., supra, 31 Conn. App. 786. Because Bodner and Caulfield exclude punitive and multiple damages from uninsured motorist coverage as a matter of law notwithstanding relevant policy language, the court does not need to consider the language of the policies in this case.
Although Bodner and Caulfield discuss uninsured motorist coverage CT Page 7989 rather than underinsured motorist coverage, the holdings in those cases were based on "[t]he public policy established by the uninsured motorist statute. . . ." Bodner v. United Services Automobile Assn., supra,222 Conn. 499; Caulfield v. Amica Mutual Ins. Co., supra,31 Conn. App. 786. It is clear, however, "that the statutes and regulations applicable to uninsured motorist coverage also apply to underinsured motorist coverage." Orkney v. Hanover Ins. Co., 248 Conn. 195,202, 727 A.2d 700 (1999). See also Maire v. Allstate Ins. Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050550 (November 7, 1995, Skolnick, J.) (17 Conn.L.Rptr. 317, 318-19).
 CONCLUSION
In light of the Bodner and Caufield decisions, the court finds that the plaintiff is barred, as a matter of law, from seeking punitive and multiple damages from the defendant's underinsured motorist carrier. Since that relief can not be granted, the defendant's motions to strike the second count of the complaint, and the second and third paragraphs of the prayer for relief, are hereby GRANTED.
Dyer, J.