[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE)
The defendant has filed a motion to strike that portion of the plaintiff's complaint and prayer for relief that requests double and treble damages pursuant to[1] General Statute § 14-295.
The action arises from a motor vehicle collision occurring on or about April 8, 1997. The plaintiff alleges he sustained personal injuries when his vehicle was struck in the rear by a vehicle operated by Edward Lydon and owned by Jason Lydon. It is noted that neither Edward Lydon nor Jason Lydon are parties to this action.
The plaintiff alleges that Edward Lydon operated his vehicle at an excessive rate of speed in violation of General Statute § 14-218a; failed to keep his vehicle a reasonable distance apart in violation of General Statute § 14-240; failed to obey a traffic control device in violation of General Statute § 14-299; and operated his vehicle in a reckless manner in violation of General Statute § 14-222. The plaintiff is seeking double and treble damages from the defendant, C.G.U. Southern New England under General Statute § 14-295. The instant action is a claim by the plaintiff against his own insurer for underinsured motorist benefits.
The defendant insurer has filed the subject motion to strike, arguing that a claim for relief for double and treble damages is not allowed against an insurer in a claim for uninsured or underinsured motorist benefits.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988). CT Page 5976
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985).
The court has reviewed the written arguments of the parties and agrees with the defendant that the decision in Caulfield v. Amica MutualInsurance Co., 31 Conn. App. 781 (1993); Bodner v. United ServicesAutomobile Association, 222 Conn. 480 (1992); Tedesco v. MarylandCasualty Co., 127 Conn. 533 (1941); Eric Damage v. Aetna Casualty andSurety Co., 1 Conn.L.Rptr. 529 (1990) are controlling in this matter. The plaintiff may not recover for double or treble damages under General Statute § 14-295.
Accordingly, the motion to strike is granted.
The Court
By Arnold, J.